Nancy Mae TRESSELT, Appellant,

v.

Ernest Frederick TRESSELT, Appellee.

No. 1226.

Court of Civil Appeals of Texas,
Corpus Christi.

Jan. 31, 1978.

Rehearing Denied Feb. 23, 1978.

Daniel E. Hayes, Bay City, for appellant.

Robin D. Orr, Orr & Hamlin, Bay City, for appellee.

## OPINION

YOUNG, Justice.

This appeal arose from a suit originally filed on August 22, 1975, by Nancy Mae Tresselt seeking, among other things, a divorce from Ernest Frederick Tresselt. Thereafter, Mr. Tresselt filed a cross-petition, also seeking a divorce. Each party answered the other party's petition. On October 22, 1976, the matter came on for trial before the court without a jury. Mrs. Tresselt did not appear personally or by attorney, and the case was tried in her absence. On January 24, 1977, the trial court signed the judgment granting Mr. Tresselt a divorce, dividing the property, deciding conservatorship of the children, and providing for child support payments.

Mrs. Tresselt thereafter timely filed her motion for new trial. After a hearing the trial court overruled the motion. Alleging that she was not given adequate notice of the trial held on October 22, 1976, Mrs. Tresselt appeals. We affirm.

In her motion to set aside the trial court's default judgment and secure a new trial, we note that Mrs. Tresselt has not complied with the applicable rule stated in *Ivy v. Carrell,* 407 S.W.2d 212 (Tex.Sup. 1966), as follows:

"A default judgment should be set aside and a new trial ordered in any case in which the failure of the defendant to answer before judgment was not intentional, or the result of conscious indifference on his part, but was due to a mistake or an accident; provided the motion for a new trial sets up a meritorious defense and is filed at a time when the granting thereof will occasion no delay or otherwise work an injury to the plaintiff."

In *Ivy,* the Supreme Court said that the rule is also applicable to default judgments entered on failure of the defendant (cross-respondent here) or his counsel to appear for trial (after answer). Here the appellant failed to "set up" a meritorious defense in her motion for new trial by factual allegations as required in *Ivy.* For this reason alone it would have been proper for the trial court to have overruled appellant's motion for new trial.

The appellant here proceeded, however, on her motion for new trial more like the appellants did in *Sandoval v. Rattikin,* 395 S.W.2d 889 (Tex.Civ.App.—Corpus Christi 1965, writ ref'd. n. r. e., writ den., 385 U.S. 901, 87 S.Ct. 199, 17 L.Ed.2d 132). Here, as in *Sandoval,* the appellant sought and the trial court conducted a complete and thorough evidentiary hearing on appellant's motion for new trial.

Another applicable rule by which we will be guided here was pointed out in *Sandoval* and is as follows:

"On appeal from an order overruling the motion for new trial the appellate court will take the most favorable view of the evidence that the trial court was authorized to take. The order overruling the motion for new trial amounts to an implied finding adverse to the allegations in the motion and the reviewing court will assume that the trial court found adversely as to all material facts alleged by the complainant . . ."

In that regard, the following is a fair summary of the evidence adduced at the hearing on the motion for new trial. Trial was originally set for February 17, 1976. The trial was postponed, however, and the parties thereafter reconciled.

On June 3, 1976, the parties again separated and began negotiations for a divorce. Several meetings were held in the Matagorda County courthouse during July and August of 1976, but no agreement was reached. The evidence also indicates that there were several trial dates set, but that appellant sought and received a postponement of each trial setting. At a meeting of the parties and their attorneys near the end of August, 1976, a trial date for the week of September 27, 1976, was agreed to. The record further indicates that appellant was instructing her attorney, Ms. Lucille Claybourne, to delay the trial as long as possible; that Ms. Claybourne could not obtain reasonable cooperation from appellant; and that therefore Ms. Claybourne was permitted to withdraw from the case by order dated September 20, 1976. On September 21, 1976, Mr. Oren Hamlin, attorney for appellee, wrote to appellant and to Ms. Claybourne reminding them of the trial setting for the week of September 27.

Ms. Claybourne continued to represent appellant as evidenced by her appearance with the appellant in the district court on September 27, 1976. On this day, the parties met with the trial judge. In appellant's presence, Ms. Claybourne sought a postponement from the trial judge, who agreed to "put off the case until the next time." The parties agreed in open court that divorce day fell on the fourth Friday of each month, which in the instant case would have been the 22nd of the next month, October. Mr. Hamlin then informed appellant and Ms. Claybourne that the case would be set for the week of October 18, 1976. Ms. Claybourne then fully withdrew from the case after advising appellant to retain counsel.

Whereupon appellant contacted another attorney, Mr. Perry Young, in connection with the matter. But she did not retain him as counsel. Sometime between October 4 and October 8, Mr. Hamlin talked on the phone with Mr. Young about the divorce while appellant was in Mr. Young's office. Hamlin told Young that he expected to go to trial on the divorce. On or about October 18, 1976, appellee, Mr. Tresselt, talked with appellant and told her that the trial would be on October 22. Furthermore, Mr. Hamlin wrote a letter to Mr. Young, to appellant and to the District Clerk informing them that the trial would be held on October 22.

At approximately 4:00 a. m., October 22, appellant, who had yet failed to retain new counsel, first saw the letter to her from Hamlin concerning the setting for that day. After reading it, instead of making an appearance, she boarded a bus for Wharton, Texas. As we have mentioned, the matter proceeded to trial that day in her absence.

All of which brings us back to the appellant's specific complaint in her point of error; i. e., that she was not given adequate notice of the trial conducted on October 22, 1976.

■ In *Plains Growers, Inc. v. Jordan,* 519 S.W.2d 633 (Tex.Sup.1974), the Court stated at page 643:

"Where . . . there is no statute or rule to the contrary, parties over whom the court has properly obtained jurisdiction are expected to keep themselves informed of the time a case is set for trial and are not entitled to notice of the trial other than the setting of the case on the docket."

Here, the jurisdiction of the trial court is undisputed and there is ample evidence to support the trial judge's implied finding that appellant had notice of the case being set on the docket for the week of October 18, 1976. Thus, the appellant had the duty to keep herself informed of the trial setting unless there was an applicable "statute or rule to the contrary".

In this regard, appellant contends that two procedural rules shifted the burden of notification of the trial setting to appellee. First, the district courts of Matagorda County have promulgated a local rule which provides in pertinent part:

"The attorney requesting a setting shall give not less than 30 days notice of such setting to opposing Counsel, unless such notice is by written agreement waived."

Though it is not clear from appellant's brief, she appears to be asserting that because there was no written waiver, and because the earliest possible time she could have known about the October 22, 1976, setting was at the September 27, 1976, meeting, only 25 days prior, then the local rule has been violated.

Second, appellant cites Rule 245, T.R.C.P., which provides in pertinent part:

"The court may set contested cases on motion of any party, or on the court's own motion, with reasonable notice of not less than 10 days to the parties, or by agreement of the parties."

Appellant apparently concedes that she received 10 days notice but argues that the notice provided for by this rule must be written because of the way in which Rule 21a, T.R.C.P., refers to delivering notice; i. e., copies, by mail, among other things. It is not necessary for us to reach the merits of these contentions as we will hereinafter demonstrate.

■ We find that any application of the above two rules to the instant case was waived by appellant's postponing a trial setting for which she had been properly notified. It can hardly be disputed that appellant received adequate notice under both local and state rules for the trial originally set for the week of September 27, 1976. The evidence shows, and the trial judge impliedly found, that appellant was properly notified of this trial setting at the meeting of the parties in late August, 1976. Moreover, the record indicates that appellant made no objection to the trial setting for the week of September 27, 1976, at the meeting held on that day. Furthermore, appellant's participation in the September 27 meeting constituted a waiver of any

# 630

irregularity in notification for the trial setting. See *Bellah v. First National Bank of Hereford,* 474 S.W.2d 785, 786 (Tex.Civ. App.—Eastland 1971, writ ref'd n. r. e.) and *Hill v. W. E. Brittain, Inc.,* 405 S.W.2d 803 (Tex.Civ.App.—Fort Worth 1966, no writ).

■ During the September 27 meeting, appellant did not object to her former attorney's making an agreement, in appellant's presence and on her behalf, to postpone the trial until the next divorce time. Thus, although Ms. Claybourne had withdrawn from the case seven days before this meeting, appellant ratified the agreement entered on her behalf by her acceptance of the benefits of the agreement (postponement of the trial), *Rogers v. B & R Development, Inc.,* 523 S.W.2d 15 (Tex.Civ.App.— Fort Worth 1975, no writ), 7 Tex.Jur.2d, Part 1, Attorneys at Law § 89 (1975).

■ Finally, the notice given for the week of September 27 trial was sufficient for the October 22 trial in that appellant's postponement did not nullify the previous notice. 88 C.J.S. Trial § 15 (1955). As a result, we find appellant waived her right to any further notification of a trial setting under both the local and state rules, and had a duty to keep herself informed of the new trial setting. *Plains Growers v. Jordan,* supra; *Oldham v. Heatherly,* 17 S.W.2d 113 (Tex.Civ.App.—Austin 1929, no writ); *Bray v. First National Bank of Mertzon,* 10 S.W.2d 235 (Tex.Civ.App.—Austin 1928, writ dism'd).

The judgment of the trial court is affirmed.