Don PECK and Helicopters,
Inc., Appellants,

v.

Charles RAY, d/b/a, Charles Ray's
Welding, Appellee.

No. 1466.

Court of Civil Appeals of Texas,
Corpus Christi.

May 29, 1980.

Rehearing Denied June 18, 1980.

Roy L. White, Allen & White, San Antonio, Mark Freeland, McAllen, for appellants.

Nathan A. East, Portland, for appellee.

## OPINION

YOUNG, Justice.

This is an appeal of an order overruling a motion for new trial that followed the entering of a post-answer default judgment. The post-answer default judgment was entered after defendants, Don Peck and Helicopters, Inc., failed to appear at the trial date after having filed an answer in the cause. The attorney for defendants asserted that he was under the mistaken belief that his request for trial by jury was timely filed and the cause had therefore been reset. We affirm.

The original action which resulted in this appeal was a suit on a sworn account arising from a breach of an agreement between Charles Ray, d/b/a Charles Ray's Welding, plaintiff, and Don Peck and Helicopters, Inc., defendants. Ray allegedly repaired and modified a helicopter trailer for the defendants. The total bill for the repair and modification work was $2,468.20, which defendants have refused to pay on the grounds that it is excessive, unreasonable, and included sales tax on labor performed.

Ray filed his petition on June 2, 1978. Defendants mailed their plea of privilege and original answer to the court on June 21. The plea of privilege was overruled by an agreed order.

The cause was brought in San Patricio County which uses the docket call system of setting cases for each term. Both parties were notified of the September docket call by letter from the district clerk's office dated September 1. The defendants did not appear on the date set, September 19, nor did they notify the court of the reasons why not. On September 20, notice was sent to all parties that the cause was set for trial on October 5. Whereupon the defendants mailed their request for jury trial on September 27, eight days before the trial date, in contravention of Rule 216, T.R.C.P. The trial judge refused to accept the late application and fee for trial by jury. On October 5, the cause was called for trial. Ray announced ready and presented evidence; no appearance was made by the defendants.

A judgment was entered for Ray for the full amount of his claim. Thereafter, notice was sent to the defendants advising them of the judgment, after which time the defendants timely filed their motion for new trial. A hearing was conducted on October 25 on the motion, which motion was overruled. Defendants appeal.

At the hearing, the defendants' attorney explained that his failure to appear was caused by his secretary's negligence in mailing the application and fee for jury trial. The attorney alleged that he signed the check and the jury demand personally on September 22, thirteen days before trial. He also testified that he ascertained that no jury panel was called for October 5 and therefore assumed that the cause would be reset. No further inquiry was made after September 22 until he received notice on the 12th or 13th of October that a judgment had been entered against his client on October 9.

In the recent case of *Stoner v. Thompson*, 578 S.W.2d 679 (Tex. 1979), the Supreme Court distinguished the different types of default judgments. It is clear that the facts of this case fit the definition of a post-answer default set out in that case. A post-answer default judgment occurs ". . . where an answer is on file but defendant fails to appear at the trial." *Stoner v. Thompson*, supra at 682; *O'Hara v. Hexter*, 550 S.W.2d 379 (Tex.Civ.App.—Dallas 1977, writ ref'd n.r.e.).

When the defendant or his attorney fails to appear at the date set for trial, the plaintiff must still appear and present evidence to support the cause of action in spite of the post-answer default by the defendant. The failure by defendant to appear at the trial ". . . constitutes neither an abandonment of defendant's answer nor an implied confession of any issues thus joined by defendant's answer." *Stoner v. Thompson*, supra at 682. A judgment upon trial is then entered by the trial court resolving all the issues, as was done in the case before us.

All three points of error brought forward by appellants allege error by the trial court in its order overruling the motion for new trial. Appellants seek to prove that they are entitled to a new trial by establishing the three requirements necessary to set aside a default judgment as set out in *Craddock v. Sunshine Bus Lines, Inc.*, 134 Tex. 388, 133 S.W.2d 124 (1939):

". . . A default judgment should be set aside and a new trial ordered in any case in which the failure of the defendant to answer before judgment was not intentional, or the result of conscious indifference on his part, but was due to a mistake or an accident; provided the motion for a new trial sets up a meritorious defense and is filed at a time when the granting thereof will occasion no delay or otherwise work an injury to the plaintiff. . . . It prevents an injustice to the defendant without working an injustice on the plaintiff. Such a rule has the sanction of equity."

The Supreme Court in the case of *Ivy v. Carrell*, 407 S.W.2d 212 (Tex. 1966), held that these requisites for granting a motion to set aside the trial court's default judgment apply to post-answer default judgments also. See *Tresselt v. Tresselt*, 561 S.W.2d 626 (Tex.Civ.App.—Corpus Christi 1978, no writ).

A full hearing on the motion for new trial was held by the trial court to permit the appellants to present evidence to support the requisites of *Ivy*. In reviewing the record to determine whether there is evidence to support the requisites set out in *Ivy*, we must assume that the trial court found adversely on all material facts alleged by the appellants. *Sandoval v. Rattikin*, 395 S.W.2d 889 (Tex.Civ.App.—Corpus Christi 1965, writ ref'd n.r.e.), cert. denied, 385 U.S. 901, 87 S.Ct. 199, 17 L.Ed.2d 132.

In the case before us, according to the attorney for the appellants, he was under the mistaken belief that his request for a trial by jury was properly filed in the district clerk's office ten days before the cause was set. Rule 216, T.R.C.P. The application and jury fee however were sent by certified mail only eight days before the trial date. The delay allegedly was due to the failure by the secretary to mail the request on the day that the attorney signed the application and check, some thirteen days before trial date. The attorney for the appellant presumed that once his request for jury trial was filed that the cause would be reset at a later date. The trial judge refused to accept the late filing under Rule 216 and ordered that no jury panel be summoned for October 5. No appearance was made on October 5 by the attorney for the appellants, nor did the appellants appear.

A similar situation was presented to this Court in the case of *Gallagher v. Joyce*, 459 S.W.2d 221 (Tex.Civ.App.—Corpus Christi 1970, writ ref'd n.r.e.). See also *Union Producing Company v. Allen*, 297 S.W.2d 867 (Tex.Civ.App.—Beaumont 1957, no writ). In *Gallagher*, we reviewed the requirements of Rule 216 and determined that the enforcement of the provisions is discretionary with the trial court. Upon review the trial court will not be reversed unless an abuse of discretion is shown.

Certain factors should be considered by the trial court in determining whether a jury trial should be granted or denied after a late request. The trial judge should ascertain whether the granting of the jury trial would injure the adverse party or would result in an interference with the orderly handling of the court's docket or delay the trial of the case. *Henderson v.*

*Youngblood,* 512 S.W.2d 35 (Tex.Civ.App.— El Paso 1974, no writ); *Gallagher v. Joyce,* supra at 223.

The trial judge did file findings of fact and conclusions of law which set out the circumstances involving the untimely submission of the request for trial by jury. The judge found that the request was not filed within the ten days required by Rule 216. He also found that no other cases required a jury on the date the cause was set for trial; further, to call up a jury panel for one case would be expensive and would require a change in the order of the jury docket.

█ Based on these findings of fact, the trial judge concluded that the granting of such a motion "would have delayed trial of the case and interfered with the orderly handling of the court's docket." We find no abuse of discretion in this conclusion.

Even though we hold that the trial judge did not abuse his discretion in refusing to accept the late request for trial by jury, we must still consider whether the appellants' failure to appear was intentional or the result of conscious indifference. We hold that it was.

█ As we have mentioned, appellants' attorney, after notice, failed to appear at the September 19 docket call, at which time his case was set for trial on October 5. Then the appellants' attorney, after notice, failed to appear for trial on October 5. The trial judge had on September 28 properly denied appellants' late request for a jury trial. In that regard, parties have the duty to keep themselves informed of the time a case is set for trial. *Plains Growers, Inc. v. Jordan,* 519 S.W.2d 633 (Tex. 1974); *Tresselt v. Tresselt,* supra. To us, the duty of being informed is tantamount to the duty of taking some action based upon being informed. Having been informed of the time the case was set for trial, the appellants also had the duty to appear for trial on October 5, or appear to urge a motion for continuance (if unprepared for a nonjury trial), neither of which the appellants did. We hold that such failures amounted to being intentional or the result of conscious indifference.

The second requirement of the *Ivy* standard is the requirement by the movant in a motion for new trial to set up a "meritorious defense." We deem it unnecessary to discuss the "meritorious defense" phase of this appeal because of our disposition of the "intentional" or "conscious indifference" contentions.

The judgment of the trial court is affirmed.