

NUMBER 13-10-089-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

GIL CISNEROS,                                                                          Appellant,

v.

REGALADO FAMILY LIMITED PARTNERSHIP,                          Appellee.

On appeal from the 93rd District Court
of Hidalgo County, Texas.

# MEMORANDUM OPINION

**Before Justices Benavides, Vela, and Perkes**
**Memorandum Opinion by Justice Vela**

This is an appeal from a post-answer default judgment. The trial court granted judgment in favor of appellee, the Regalado Family Limited Partnership ("Regalado"), in an action they filed against appellant, Gil Cisneros, alleging trespass to try or quiet title, trespass, partition, as well as declaratory relief and attorney's fees. The trial court

granted a default judgment against Cisneros, who argues that the trial court abused its discretion in granting the default judgment and not hearing his motion for new trial and his motion filed pursuant to Texas Rule of Civil Procedure 306a(4),[1] and he complains that the evidence was insufficient to support the trial court's rulings. We affirm, in part and reverse and remand, in part.

## I. BACKGROUND

Alfredo Regalado Jr. and his wife, Maria, formed the Regalado Family Limited Partnership on January 21, 1994. On August 5, 1994, Regalado purchased property in McAllen, Texas, from Fernando Garza by warranty deed with vendor's lien, described as:

> The North 1/2 of Lot 3, Block 25, ORIGINAL TOWNSITE OF MCALLEN, Hidalgo County, Texas, according to the map or plat thereof recorded in Volume "Q". Page 318, Deed Records of Hidalgo County, Texas.

The warranty deed names the Regalado Family Limited Partnership as the sole grantee. The deed of trust also names the Regalado partnership as the sole maker on the note. Testimony at the default judgment hearing, however, revealed that Regalado purchased the property with Cisneros. According to the testimony at the hearing, Regalado and Cisneros each paid $12,500 for the property. The Regalado partnership paid all of the taxes from 1994 to 2008, which amounted to a little less than $30,000. Cisneros occupied the 3,000 square foot business on the property for five years and did not pay rent. There was testimony that Regalado paid $12,500 initially, $29,295.26 in

---

[1] This rule provides, as follows: "If within twenty days after the judgment or other appealable order is signed, a party adversely affected by it or his attorney has neither received the notice required . . . nor acquired actual knowledge of the order, then with respect to that party all periods . . . shall begin on the date that such party or his attorney received such notice or acquired actual knowledge of the signing, whichever occurred first, but in no event shall such periods begin more than ninety days after the original judgment, or other appealable order is signed."

property taxes for the years 1994 to 2008, and the rent owed to Regalado from Cisneros was $180,000. Testimony at the hearing revealed that Cisneros's only contribution was the initial payment of $12,500. Regalado testified that at no time was Cisneros a partner.

Cisneros claimed that the property at issue was purchased by four parties who made monthly payments to Regalado. He also asserted that the four individuals were equal partners. According to Cisneros's pleadings, on November 2003, he purchased the interests of two of the partners, giving him a 75% ownership in the property. Cisneros also sought a declaratory judgment, continuation of the partnership, a $150,000.00 partnership contribution, and to wind up the partnership.

On September 23, 2009, the trial court conducted a pre-trial hearing. At that hearing, the parties entered into a rule 11 agreement, agreeing to a continuance if Cisneros would waive his right to a jury trial, exchange discovery, allow the property to be inspected, mediate the case within 45 days, and try the case within sixty days of the agreement.

Within the sixty day time period agreed to by the parties in the rule 11 agreement, the trial court signed an order setting the case for trial on November 19, 2009. At the time of the trial setting, Cisneros was represented by attorney Stephen Leas. The order setting the trial was mailed to Leas by certified mail, return receipt requested. Both attorney Leas' physical address and the post office box address appear on the letter containing the order setting the case for trial. Several attempts were made to deliver the letter, but it was returned unclaimed on November 20, 2009. Counsel for Regalado averred that he had previously attempted to fax the order to counsel, but the machine at

3

Leas' office was either turned off or unable to receive transmissions.

Cisneros and his counsel failed to appear for trial. The case was tried before the court. A final judgment was entered on November 20, 2009, and an amended final judgment was entered on November 24, 2009. The judgment stated that Cisneros and his attorney of record received due notice of the trial, but, "both wholly failed or refused to appear for trial." The final judgment orders the property to be sold and the proceeds distributed among the co-owners in accordance with their proportional interests. The court also awarded Regalado attorney's fees and costs.

## II. DENIAL OF THE MOTION FOR NEW TRIAL

Cisneros argues in his first issue that the trial court erred in denying his motion for new trial. Regalado counters, urging that Cisneros waived his motion for new trial complaints by failing to obtain a hearing, and allowing his motion for new trial to be overruled by operation of law. We agree with Regalado.

On December 22, 2009, within the time to file a timely motion for new trial, Cisneros filed both a motion for new trial and a motion pursuant to Texas Rule of Civil Procedure 306a. Cisneros did not set the motion for new trial or the rule 306a motion for hearing. In the motion, which served dual purposes, counsel urged that he did not acquire actual knowledge of the judgment until December 18, 2009. Cisneros verified the motion, but did not attach any other affidavit or evidence to the motion for new trial. On January 19, 2010, Cisneros filed a supplemental motion for new trial, which also contained no evidentiary support.[2] On February 11, 2010, Cisneros mailed a letter to the

---

[2] Regalado urges that we should not consider the supplemental motion for new trial as it was untimely. In view of our disposition of this appeal, we need not address the issue of timeliness.

4

trial court asking that a hearing be held on his motion for new trial and his rule 306(a)(4) motion. The record reflects that the trial court did not receive the letter until February 18, 2010. There is nothing in the record to suggest that Cisneros or his counsel personally requested a hearing. His motion generally states in the prayer that, after notice and hearing, his motion for new trial should be granted.

Texas Rule of Civil Procedure 324(b)(1) requires that evidence must be heard with respect to a failure to set aside a default judgment. TEX. R. CIV. P. 324(b)(1). Additionally, a party adversely affected with respect to receiving no notice of a judgment is required to prove to the trial court, on sworn motion and notice, the date that the party or attorney either received a notice of judgment or acquired actual knowledge of the judgment. TEX. R. CIV. P. 306a(5). Cisneros did not request a hearing on his motion for new trial until after his motion was overruled by operation of law. We cannot conclude the court erred in failing to set a hearing on the motion because Cisneros never timely requested the court to do so. *See Shamrock Roofing Supply, Inc. v. Mercantile Nat'l Bank*, 703 S.W.2d 356, 357–58 (Tex. App.—Dallas 1985, no writ); *see also Fluty v. Simmons Co.*, 835 S.W.2d 664, 667–68 (Tex. App.—Dallas 1992, no writ). As the court stated in *Shamrock*:

> We are unwilling to hold that an abuse of discretion occurs when the defaulting defendant fails to call his motion to the judge's attention and allows it to be overruled by operation of law. Trial judges have a heavy load of trials and contested motions. They cannot be expected to examine sua sponte all papers filed in their courts. They must rely on counsel to see that motions are set for hearing.

703 S.W.2d at 357–58.

5

Here, because Cisneros did not timely request a hearing and did not support his motion for new trial with affidavits or other evidence by which this court could determine if he met the test set forth in *Craddock v. Sunshine Bus Lines, Inc.*, we hold that the trial court did not abuse its discretion in denying Cisneros's motion for new trial. 133 S.W.2d 124 (Tex. 1939).[3] We overrule issue one.

### III. EVIDENTIARY ISSUES

By issue two, Cisneros complains that that there was no evidence or insufficient evidence before the trial court to support its judgment with respect to the issue of whether a partnership existed and that the trial court used the wrong measure of damages.

A post-answer "default" is not an abandonment of defendant's answer, nor is it an implied confession of any issues. A judgment cannot be entered on the pleadings, and the plaintiff in such cases must offer evidence and prove his case as in a judgment upon trial. *Stoner v. Thompson*, 578 S.W.2d 679, 682 (Tex. 1979). *See Karl and Kelly Co., Inc. v. McLerran*, 646 S.W.2d 174 (Tex. 1983). When a defendant fails to appear for trial and an answer has been filed, the plaintiff must still appear and present evidence to support his cause of action in spite of the post-answer default by the defendant. *See Dolgencorp,* 288 S.W.3d at 925; *Peck v. Ray*, 601 S.W.2d 165, 167 (Tex. Civ. App.—Corpus Christi 1980, writ ref'd n.r.e.).

The test for legal sufficiency is whether the evidence before the trial court would enable reasonable and fair-minded people to reach the verdict under review. *City of*

---

[3] The *Craddock* test requires a party challenging a default judgment to establish that (1) the failure to appear was not intentional or the result of conscious indifference, but was an accident of mistake; (2) the motion for new trial sets up a meritorious defense; and (3) granting the motion will not delay or otherwise injure the plaintiff. *Craddock v. Sunshine Bus Lines, Inc.* 133 S.W.2d 124, 126 (Tex.1939).

*Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005).   In our review, we credit evidence favorably if reasonable triers of fact could, and disregard contrary evidence unless reasonable triers of fact could not.   *Id.*

Here, the testimony at trial was offered in a manner outside the norm.   At the outset, counsel for Regalado was sworn.   He offered eleven exhibits into evidence, including the Regalado Family Limited Partnership agreement, the warranty deed with vendor's lien for the property, the deed of trust, photographs of the building located on the property, delinquent tax statement summaries, letters confirming that Regalado was paying the delinquent taxes, and documents on file at the various City departments with respect to the property.

Counsel stated, under oath, that the property was purchased with Gil Cisneros as co-owner.   Over the years, Regalado paid $30,000 in taxes.   To purchase the property, Regalado obtained a note for $35,000.   Cisneros was not obligated under the note.

Counsel then testified under oath that Cisneros occupied the building to the exclusion of Regalado for at least five years.   The building is approximately 3,000 square feet, Regalado has never received any rent from Cisneros.   The only contribution that Cisneros made was the initial investment of $12,500.   Cisneros was not a limited or general partner with Regalado in the Regalado Family Partnership.   The trial court then swore in Alfredo Regalado, the partnership representative, who stated, under oath, that everything counsel testified to in his earlier testimony fairly and accurately represented his testimony.   He then confirmed the proffer of testimony.

We do not know why counsel testified to the facts that were also confirmed under oath by Alfredo Regalado, rather than allowing Regalado to testify to those facts initially. However, it appears that the documentary evidence was properly before the trial court and supports the oral testimony. Thus, the record, though unconventional, supports the trial court's decision with respect to whether Cisneros was a partner in the Regalado Family Partnership.

The evidence at trial was sufficient for the trial court to have determined that Cisneros was not a partner in the Regalado Family Partnership. The court had before it the certificate of partnership which does not name Cisneros as a partner, the warranty deed, and the loan documents. There was conflicting evidence in the documents from a meeting that was held by the City of McAllen Board of Adjustment. The trial court obviously disregarded this evidence. In following the applicable standard of review, the evidence was legally and factually sufficient to support the trial court's conclusion that Cisneros was not a partner in the Regalado Family Partnership, although there was evidence that Cisneros had an ownership interest in the property. We overrule Cisneros's second issue.

## IV. RULE 306a (4) MOTION

By issue three, Cisneros urges that the trial court abused its discretion in not conducting a hearing on his rule 306a (4) motion. On December 22, 2009, Cisneros filed a verified motion to reinstate in which he alleged that he and his attorney first obtained knowledge of the trial court amended judgment on December 18, 2009. The record reflects only one request by counsel for a hearing on the motion. The request was made

on February 18, 2010, sixty-two days after Cisneros claims he knew about the judgment. There is no evidence that Cisneros or his counsel ever personally requested a hearing. The trial court did not err in not setting a hearing based on the circumstances presented. Regardless, Cisneros can point to no harm he has incurred because there was no hearing set on his motion. He timely filed a motion for new trial, a notice of appeal, and he was able to timely present his appeal to this Court. Error, if any, is harmless. Tᴇx. R. Aᴘᴘ. P. 44.1(a). We overrule Cisneros's third issue.

## V. Rᴇǫᴜᴇsᴛ ғᴏʀ Rᴇᴍᴀɴᴅ

By issue two, Cisneros also complains of the lack of evidence to support the trial court's computation with respect to the percentage of ownership of the property. Regalado concedes in his brief that we should remand this case with respect to the percentages of ownership determined by the trial court in its judgment, claiming that the trial court erred in basing the percentage of ownership in the property, in part, on the contributions made by Regalado instead of awarding Regalado an equitable lien on Cisneros's interest in the property. Cisneros argued that the trial court erred in finding that Regalado owned 94.36% of the property and Cisneros owned 5.64% of the property.

Regalado asks this Court to remand this case to the trial court for the purpose of:

> (1) determining the correct percentages of ownership, having found that the Property is owned by no person or entities other than Regalado and Cisneros and; (2) awarding Regalado a lien on Cisneros's portion of the Property for the taxes and unpaid rent attributable to Cisneros.

Cisneros agrees with Regalado that the case should be remanded for the trial court to conduct an evidentiary hearing on the respective ownership interests and rights of offsets that each party should receive. While the judgment in this case clearly sets

9

forward the ownership interests of the parties, it is unclear where the percentages of ownership were derived. The evidence was legally insufficient to support the trial court's determination of the percentages of ownership.

When the evidence is legally insufficient to support a post-answer default, the proper disposition is to remand. *Bennett v. McDaniel*, 259 S.W.3d 644, 645 (Tex. 2009); *Dolgencorp*, 288 S.W.3d at 922. Cisneros's second issue is sustained with respect to the percentages of ownership.

## VI. CONCLUSION

We affirm the judgment, in part, and reverse and remand in part in accordance with this opinion.

ROSE VELA
Justice

Delivered and filed the
4th day of August, 2011.