NUMBER 13-10-089-CV

 

COURT OF APPEALS

 

THIRTEENTH DISTRICT
OF TEXAS

 

CORPUS CHRISTI - EDINBURG  

                                                                                                                     


 

GIL CISNEROS,                                                                         Appellant,

 

v.

 

REGALADO FAMILY
LIMITED PARTNERSHIP,               Appellee.

                                                                                                                     
  

 

On appeal from the 93rd
District Court 

of Hidalgo County, Texas.

                                                                                                                     


 

MEMORANDUM OPINION

 

Before Justices
Benavides, Vela, and Perkes 

Memorandum Opinion by
Justice Vela

 

            This is an appeal from a post-answer default
judgment.  The trial court granted judgment in favor of appellee, the Regalado
Family Limited Partnership (“Regalado”), in an action they filed against
appellant, Gil Cisneros, alleging trespass to try or quiet title, trespass,
partition, as well as declaratory relief and attorney’s fees.  The trial court
granted a default judgment against Cisneros, who argues that the trial court
abused its discretion in granting the default judgment and not hearing his
motion for new trial and his motion filed pursuant to Texas Rule of Civil
Procedure 306a(4),[1]
and he complains that the evidence was insufficient to support the trial
court’s rulings.  We affirm, in part and reverse and remand, in part. 

I. Background

            Alfredo Regalado Jr. and his wife, Maria,
formed the Regalado Family Limited Partnership on January 21, 1994.  On August
5, 1994, Regalado purchased property in McAllen, Texas, from Fernando Garza by
warranty deed with vendor’s lien, described as:

The North 1/2 of Lot
3, Block 25, ORIGINAL TOWNSITE OF MCALLEN, Hidalgo County, Texas, according to
the map or plat thereof recorded in Volume “Q”.  Page 318, Deed Records of
Hidalgo County, Texas.

 

            The warranty deed names the Regalado Family
Limited Partnership as the sole grantee.  The deed of trust also names the
Regalado partnership as the sole maker on the note.  Testimony at the default
judgment hearing, however, revealed that Regalado purchased the property with
Cisneros.  According to the testimony at the hearing, Regalado and Cisneros
each paid $12,500 for the property.  The Regalado partnership paid all of the
taxes from 1994 to 2008, which amounted to a little less than $30,000. 
Cisneros occupied the 3,000 square foot business on the property for five years
and did not pay rent.  There was testimony that Regalado paid $12,500
initially, $29,295.26 in property taxes for the years 1994 to 2008, and the
rent owed to Regalado from Cisneros was $180,000.  Testimony at the hearing
revealed that Cisneros’s only contribution was the initial payment of $12,500. 
Regalado testified that at no time was Cisneros a partner.  

Cisneros claimed that the property at
issue was purchased by four parties who made monthly payments to Regalado.  He
also asserted that the four individuals were equal partners.  According to
Cisneros’s pleadings, on November 2003, he purchased the interests of two of
the partners, giving him a 75% ownership in the property.  Cisneros also sought
a declaratory judgment, continuation of the partnership, a $150,000.00
partnership contribution, and to wind up the partnership.  

            On September 23, 2009, the trial court
conducted a pre-trial hearing.  At that hearing, the parties entered into a
rule 11 agreement, agreeing to a continuance if Cisneros would waive his right
to a jury trial, exchange discovery, allow the property to be inspected,
mediate the case within 45 days, and try the case within sixty days of the
agreement.  

Within the sixty day time period agreed
to by the parties in the rule 11 agreement, the trial court signed an order
setting the case for trial on November 19, 2009.  At the time of the trial
setting, Cisneros was represented by attorney Stephen Leas.  The order setting
the trial was mailed to Leas by certified mail, return receipt requested.  Both
attorney Leas’ physical address and the post office box address appear on the
letter containing the order setting the case for trial.  Several attempts were
made to deliver the letter, but it was returned unclaimed on November 20,
2009.  Counsel for Regalado averred that he had previously attempted to fax the
order to counsel, but the machine at Leas’ office was either turned off or
unable to receive transmissions.   

            Cisneros and his counsel failed to appear for
trial.  The case was tried before the court.  A final judgment was entered on
November 20, 2009, and an amended final judgment was entered on November 24,
2009.  The judgment stated that Cisneros and his attorney of record received
due notice of the trial, but, “both wholly failed or refused to appear for
trial.”  The final judgment orders the property to be sold and the proceeds
distributed among the co-owners in accordance with their proportional
interests.  The court also awarded Regalado attorney’s fees and costs.

II. Denial of the Motion for New Trial

 Cisneros argues in his first issue that
the trial court erred in denying his motion for new trial.  Regalado counters,
urging that Cisneros waived his motion for new trial complaints by failing to
obtain a hearing, and allowing his motion for new trial to be overruled by
operation of law. We agree with Regalado.

On December 22, 2009, within the time to
file a timely motion for new trial, Cisneros filed both a motion for new trial
and a motion pursuant to Texas Rule of Civil Procedure 306a.  Cisneros did not
set the motion for new trial or the rule 306a motion for hearing. In the
motion, which served dual purposes, counsel urged that he did not acquire
actual knowledge of the judgment until December 18, 2009.  Cisneros verified
the motion, but did not attach any other affidavit or evidence to the motion
for new trial.  On January 19, 2010, Cisneros filed a supplemental motion for
new trial, which also contained no evidentiary support.[2]
 On February 11, 2010, Cisneros mailed a letter to the trial court asking that
a hearing be held on his motion for new trial and his rule 306(a)(4) motion. 
The record reflects that the trial court did not receive the letter until
February 18, 2010.  There is nothing in the record to suggest that Cisneros or
his counsel personally requested a hearing.  His motion generally states in the
prayer that, after notice and hearing, his motion for new trial should be
granted.  

Texas Rule of Civil Procedure 324(b)(1)
requires that evidence must be heard with respect to a failure to set aside a
default judgment.  Tex. R. Civ. P.
324(b)(1). Additionally, a party adversely affected with respect to receiving
no notice of a judgment is required to prove to the trial court, on sworn
motion and notice, the date that the party or attorney either received a notice
of judgment or acquired actual knowledge of the judgment.  Tex. R. Civ. P. 306a(5).  Cisneros did
not request a hearing on his motion for new trial until after his motion was
overruled by operation of law.  We cannot conclude the court erred in failing
to set a hearing on the motion because Cisneros never timely requested the
court to do so.  See Shamrock Roofing Supply, Inc. v. Mercantile Nat'l Bank,
703 S.W.2d 356, 357–58 (Tex. App.—Dallas 1985, no writ); see also Fluty v.
Simmons Co., 835 S.W.2d 664, 667–68 (Tex. App.—Dallas 1992, no writ).  As
the court stated in Shamrock:

We
are unwilling to hold that an abuse of discretion occurs when the defaulting
defendant fails to call his motion to the judge's attention and allows it to be
overruled by operation of law. Trial judges have a heavy load of trials and
contested motions. They cannot be expected to examine sua sponte all papers
filed in their courts. They must rely on counsel to see that motions are set
for hearing.

 

703 S.W.2d at 357–58. 

 

Here, because Cisneros did not timely
request a hearing and did not support his motion for new trial with affidavits
or other evidence by which this court could determine if he met the test set
forth in Craddock v. Sunshine Bus Lines, Inc., we hold that the trial
court did not abuse its discretion in denying Cisneros’s motion for new trial.  133
S.W.2d 124 (Tex. 1939).[3] 
We overrule issue one.

III. Evidentiary Issues

By issue two, Cisneros complains that
that there was no evidence or insufficient evidence before the trial court to
support its judgment with respect to the issue of whether a partnership existed
and that the trial court used the wrong measure of damages.  

A post-answer “default” is not an
abandonment of defendant's answer, nor is it an implied confession of any
issues.  A judgment cannot be entered on the pleadings, and the plaintiff in
such cases must offer evidence and prove his case as in a judgment upon trial. 
Stoner v. Thompson, 578 S.W.2d 679, 682 (Tex. 1979).  See Karl and
Kelly Co., Inc. v. McLerran, 646 S.W.2d 174 (Tex. 1983).  When a defendant
fails to appear for trial and an answer has been filed, the plaintiff must
still appear and present evidence to support his cause of action in spite of
the post-answer default by the defendant.  See Dolgencorp, 288 S.W.3d at
925; Peck v. Ray, 601 S.W.2d 165, 167 (Tex. Civ. App.—Corpus Christi
1980, writ ref'd n.r.e.). 

The test for legal sufficiency is
whether the evidence before the trial court would enable reasonable and
fair-minded people to reach the verdict under review.  City of Keller
v. Wilson, 168 S.W.3d 802, 827 (Tex. 2005).  In our review, we credit
evidence favorably if reasonable triers of fact could, and disregard contrary
evidence unless reasonable triers of fact could not.  Id.

Here, the testimony at trial was offered
in a manner outside the norm.  At the outset, counsel for Regalado was sworn. 
He offered eleven exhibits into evidence, including the Regalado Family Limited
Partnership agreement, the warranty deed with vendor’s lien for the property,
the deed of trust, photographs of the building located on the property,
delinquent tax statement summaries, letters confirming that Regalado was paying
the delinquent taxes, and documents on file at the various City departments
with respect to the property.  

Counsel stated, under oath, that the
property was purchased with Gil Cisneros as co-owner.  Over the years, Regalado
paid $30,000 in taxes.  To purchase the property, Regalado obtained a note for
$35,000.  Cisneros was not obligated under the note.  

Counsel then testified under oath that
Cisneros occupied the building to the exclusion of Regalado for at least five
years.  The building is approximately 3,000 square feet, Regalado has never
received any rent from Cisneros.  The only contribution that Cisneros made was
the initial investment of $12,500.  Cisneros was not a limited or general
partner with Regalado in the Regalado Family Partnership.  The trial court then
swore in Alfredo Regalado, the partnership representative, who stated, under
oath, that everything counsel testified to in his earlier testimony fairly and
accurately represented his testimony.  He then confirmed the proffer of
testimony.  

 

We do not know why counsel testified to
the facts that were also confirmed under oath by Alfredo Regalado, rather than
allowing Regalado to testify to those facts initially.  However, it appears
that the documentary evidence was properly before the trial court and supports
the oral testimony.  Thus, the record, though unconventional, supports the
trial court’s decision with respect to whether Cisneros was a partner in the
Regalado Family Partnership. 

The evidence at trial was sufficient for
the trial court to have determined that Cisneros was not a partner in the
Regalado Family Partnership.  The court had before it the certificate of
partnership which does not name Cisneros as a partner, the warranty deed, and
the loan documents.  There was conflicting evidence in the documents from a
meeting that was held by the City of McAllen Board of Adjustment.  The trial
court obviously disregarded this evidence.  In following the applicable
standard of review, the evidence was legally and factually sufficient to support
the trial court’s conclusion that Cisneros was not a partner in the Regalado
Family Partnership, although there was evidence that Cisneros had an ownership
interest in the property.  We overrule Cisneros’s second issue. 

IV.  Rule 306a (4) Motion

By issue three, Cisneros urges that the
trial court abused its discretion in not conducting a hearing on his rule 306a
(4) motion.  On December 22, 2009, Cisneros filed a verified motion to
reinstate in which he alleged that he and his attorney first obtained knowledge
of the trial court amended judgment on December 18, 2009.  The record reflects
only one request by counsel for a hearing on the motion.  The request was made
on February 18, 2010, sixty-two days after Cisneros claims he knew about the
judgment.  There is no evidence that Cisneros or his counsel ever personally
requested a hearing.  The trial court did not err in not setting a hearing
based on the circumstances presented.  Regardless, Cisneros can point to no
harm he has incurred because there was no hearing set on his motion.  He timely
filed a motion for new trial, a notice of appeal, and he was able to timely
present his appeal to this Court.  Error, if any, is harmless.  Tex. R. App. P. 44.1(a).  We overrule
Cisneros’s third issue.  

V.  Request for Remand

            By
issue two, Cisneros also complains of the lack of evidence to support the trial
court’s computation with respect to the percentage of ownership of the
property.  Regalado
concedes in his brief that we should remand this case with respect to the
percentages of ownership determined by the trial court in its judgment,
claiming that the trial court erred in basing the percentage of ownership in
the property, in part, on the contributions made by Regalado instead of
awarding Regalado an equitable lien on Cisneros’s interest in the property. 
Cisneros argued that the trial court erred in finding that Regalado owned
94.36% of the property and Cisneros owned 5.64% of the property. 

            Regalado asks this Court to remand this case
to the trial court for the purpose of: 

(1) determining the
correct percentages of ownership, having found that the Property is owned by no
person or entities other than Regalado and Cisneros and; (2) awarding Regalado
a lien on Cisneros’s portion of the Property for the taxes and unpaid rent
attributable to Cisneros.

 

            Cisneros agrees with Regalado that the case
should be remanded for the trial court to conduct an evidentiary hearing on the
respective ownership interests and rights of offsets that each party should
receive.  While the judgment in this case clearly sets forward the ownership
interests of the parties, it is unclear where the percentages of ownership were
derived.  The evidence was legally insufficient to support the trial court’s
determination of the percentages of ownership.  

When the evidence is legally
insufficient to support a post-answer default, the proper disposition is to
remand.  Bennett v. McDaniel, 259 S.W.3d 644, 645 (Tex. 2009); Dolgencorp,
288 S.W.3d at 922.  Cisneros’s second issue is sustained with respect to the
percentages of ownership.

VI. Conclusion

            We affirm the judgment, in
part, and reverse and remand in part in accordance with this opinion.

 

 

                                                                        ROSE
VELA

                                                                                    Justice

 

Delivered and filed
the 

4th day of August,
2011.

 

 

 

 









[1]
This rule provides, as follows:  “If within twenty days after the judgment or
other appealable order is signed, a party adversely affected by it or his attorney
has neither received the notice required . . . nor acquired actual knowledge of
the order, then with respect to that party all periods . . . shall begin on the
date that such party or his attorney received such notice or acquired actual
knowledge of the signing, whichever occurred first, but in no event shall such
periods begin more than ninety days after the original judgment, or other
appealable order is signed.”

 





[2]
Regalado urges that we should not consider the supplemental motion for new
trial as it was untimely.  In view of our disposition of this appeal, we need
not address the issue of timeliness.





[3]
The Craddock test requires a party challenging a default judgment to
establish that (1) the failure to appear was not intentional or the result of
conscious indifference, but was an accident of mistake; (2) the motion for new
trial sets up a meritorious defense; and (3) granting the motion will not delay
or otherwise injure the plaintiff.  Craddock v. Sunshine Bus Lines, Inc.
133 S.W.2d 124, 126 (Tex.1939).