**Willie Booth GREEN, Ruth Cleveland Davis, Nellie L. Lowe, Irma Lee Green, Hortense P. Julius, Abe Green, Ira Booth McDade, Mary Lane, their Heirs and Assigns, and their Unknown Heirs and Assigns, Appellants,**

**v.**

**Curtis Wayne McADAMS, Henrietta McAdams, Robert Ray McAdams, and Glenda Faye McAdams, Appellees.**

No. 01-92-00017-CV.

Court of Appeals of Texas, Houston (1st Dist.).

July 22, 1993.

---

Carnegie H. Mims, Jr., Houston, for appellants.

Everett S. Stovall, Lake Jackson, for appellees.

Before OLIVER–PARROTT, C.J., and O'CONNOR and WILSON, JJ.

## OPINION

OLIVER–PARROTT, Chief Justice.

This is an appeal from a default judgment. In four points of error, appellants contend that the trial court abused its discretion in refusing to consider evidence concerning appellants' meritorious defense and in overruling appellants' motion for a new trial, and erred in rendering default judgment because the pleadings and evidence do not support the default judgment. We reverse and remand.

Appellees, Curtis Wayne McAdams, his wife, his brother, his brother's wife, and his mother, filed a trespass to try title suit against appellants, Willie Booth Green, and the heirs of the Emily Spencer estate, to claim title to a tract located in Brazoria County, Texas, by adverse possession.

Appellees contend they entered the land in 1968, and conducted activities that were adverse to the possession of appellants. Appellees filed suit on July 18, 1988, and an answer was filed by appellants on September 12, 1988. This case was set for trial on

December 18, 1989; however, due to a variety of reasons, the case was reset on the trial docket on several different occasions, without any substantive action being taken.

On April 12, 1991, the clerk sent a dismissal notice to all counsel, advising them that the case would be dismissed unless a request to retain the case was made. The notice further advised counsel that if the case were retained for any reason, trial was set for September 9, 1991.[1] On September 9, 1991, appellants failed to appear. That same day, the case was reset to September 12, 1991. No notice was given to appellants of the September 12 reset date. Appellees announced ready and presented evidence; however, appellants again failed to appear. The trial court entered a default judgment in favor of appellees, awarding appellees title to the tract by adverse possession.

Appellants filed a motion for a new trial on October 10, 1991. On November 25, 1991, the trial court refused to hear any testimony, because appellants' motion for new trial, though verified, was not supported by an affidavit. The motion for new trial was overruled.

### Craddock test

■ A motion for new trial is addressed to the trial court's discretion, which will not be disturbed on appeal absent a showing of abuse of discretion. *Strackbein v. Prewitt,* 671 S.W.2d 37, 38 (Tex.1984). However, the trial court's discretion is not unbridled. *Craddock v. Sunshine Bus Lines, Inc.,* 134 Tex. 388, 133 S.W.2d 124, 126 (1939).

■ A post-answer default is one rendered when the defendant has filed an answer, but fails to appear at trial. *Stoner v. Thompson,* 578 S.W.2d 679, 682 (Tex.1979). In a post-answer default, the defendant's answer places the merits of the plaintiff's cause of action at issue. *Stone Resources, Inc. v. Barnett,* 661 S.W.2d 148, 151 (Tex. App.—Houston [1st Dist.] 1983, no writ). At the hearing on the post-answer default,

the plaintiff must carry his burden to prove the elements of his action. *Stoner,* 578 S.W.2d at 682; *Stone Resources,* 661 S.W.2d at 151.

■ Generally, the trial court must test the motion for new trial and accompanying affidavits against the *Craddock* requirements, and grant a new trial if those requirements are met. *Strackbein,* 671 S.W.2d at 39. Where the defendant meets the guidelines of *Craddock,* it is an abuse of discretion for the trial court to deny the defendant a new trial. *See Blake v. Blake,* 725 S.W.2d 797, 800 (Tex.App.—Houston [1st Dist.] 1987, no writ). Here, as shown below the requirements of *Craddock* are not met. *Craddock* requires the following:

1. The defendant's failure to appear was not intentional, or the result of conscious indifference, but was due to a mistake or accident. *Craddock,* 133 S.W.2d at 126.

2. The defendant has a meritorious defense. *Id.*

3. The motion for new trial is filed when it will not occasion a delay or otherwise work an injury to the plaintiff. *Id.; see also Angelo v. Champion Restaurant Equip. Co.,* 713 S.W.2d 96, 97 (Tex. 1986).

In their first and second points of error, appellants contend that the trial court abused its discretion in refusing to hear any evidence of a meritorious defense and denying their motion for new trial. In their motion for new trial, appellants made the following allegations: (1) their failure to appear was not intentional or the result of conscious indifference; (2) they had a meritorious defense; and (3) granting the motion for new trial would not injure appellees. However, the factual allegations in appellants' motion for new trial do not satisfy the requirements of *Craddock.*

### Due process

■ The court might reset contested cases for trial to a later date on *any rea-*

---

1. There is no copy of this notice of dismissal in the record. However, appellants state in their brief that the notice of dismissal and trial notice

for September 9, 1991, "may" have been received, as there was a signed copy in the trial court's file.

*sonable notice to the parties* or by agreement of the parties. TEX.R.CIV.P. 245. Moreover, TEX.R.CIV.P. 21a provides that all notices, other than citation, might be served by delivering a copy of the notice or document to the party, his duly authorized agent, or his attorney of record. Failure to comply with the rules of notice in a contested case deprives a party of his constitutional right to be present at the hearing, to voice his objections in an appropriate manner, and results in a violation of fundamental due process. *Armstrong v. Manzo,* 380 U.S. 545, 550, 85 S.Ct. 1187, 1190, 14 L.Ed.2d 62 (1965).

Appellees do not dispute that appellants had *no* actual notice of the September 12, 1991, trial date. On oral submission, however, appellees urge there was constructive notice because the setting resulted from the September 9, 1991, hearing of which appellants did have notice. We disagree. The record is barren of any evidence of notice of the September 12, 1991, trial setting, as required by TEX.R.CIV.P. 21a.

Appellees cite *Peck v. Ray,* 601 S.W.2d 165 (Tex.Civ.App.—Corpus Christi 1980, writ ref'd n.r.e.), for the proposition that appellants' failure to appear was intentional and the result of conscious indifference. *Id.* at 168. However, *Peck* is distinguishable from the present case. In *Peck,* the defense counsel had been notified of a docket set for September 19, but failed to appear. On September 20, notice was sent to all parties that the cause was set for trial on October 5. *Id.* at 166. Whereupon, the defense counsel mailed a request for jury trial on September 27, eight days before the trial date, which was denied by the trial judge under TEX.R.CIV.P. 216. *Id.* On October 5, the defense counsel failed to appear and a judgment was entered against the defendants. *Id.* The defense counsel's failure to appear was for no other reason than his own conduct in the nature of inadvertence and misunderstanding of his untimely request for a jury trial, not adequate notice. *Id.* at 168. In the present case, there was no inadvertence or misunderstanding by appellants; rather, their failure to appear was lack of notice.

■ Once a defendant has made an appearance in a cause, he is entitled to

notice of the trial setting as a matter of due process. *Vining v. Vining,* 782 S.W.2d 261, 262 (Tex.App.—Houston [14th Dist.] 1989, no writ) (citing *LBL Oil Co. v. Int'l Power Serv., Inc.,* 777 S.W.2d 390 (Tex.1989)). A fundamental element of due process is adequate and reasonable notice of proceedings. *Chow v. Dole,* 677 S.W.2d 220, 221 (Tex.App.—Houston [1st Dist.] 1984, no writ) (citing *Mexia Indep. School Dist. v. City of Mexia,* 134 Tex. 95, 133 S.W.2d 118, 121 (1939)). Because the record establishes that appellants had no notice of the new trial setting, either actual or constructive, it would violate due process to require the *Craddock* elements as a prerequisite to the granting of a new trial. *See Peralta v. Heights Medical Center Inc.,* 485 U.S. 80, 85–87, 108 S.Ct. 896, 899–900, 99 L.Ed.2d 75 (1988); *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 313, 70 S.Ct. 652, 656, 94 L.Ed. 865 (1950); *LBL Oil Co.,* 777 S.W.2d at 390–91; *Lopez v. Lopez,* 757 S.W.2d 721, 723 (Tex. 1988).

Appellants' first and second points of error, which contend the trial court erred in overruling the motion for new trial, are sustained. Therefore, it is unnecessary to address appellants' remaining points of error.

The judgment is reversed and the cause is remanded to the trial court for a trial on the merits.