REVERSED AND REMANDED; Opinion filed March 22, 1999



In The

# Court of Appeals
## Fifth District of Texas at Dallas

_____

No. 05-97-00122-CV
_____


**STEVEN PRENTICE WORTHEN, JEAN TAGER,
AND TSAI-TIEN LEE, Appellants**

**V.**

**JASON GLATZER, Appellee**

On Appeal from the 192nd District Court
Dallas County, Texas
Trial Court Cause No. 94-08401-K

## OPINION

Before Justices Kinkeade, Maloney, and James
Opinion By Justice James

Steven Prentice Worthen, Jean Tager, and Tsai-Tien Lee appeal the trial court's order

rendering a post answer default judgment in favor of Jason Glatzer. In their second point of error,

appellants contend they are entitled to a new trial because they did not have notice of the September

13, 1996 trial setting at which the default judgment was entered. We agree with appellants and

conclude the trial court abused its discretion in overruling appellants' motion for new trial.

Therefore, we sustain appellants' second point of error, reverse the trial court's judgment, and

remand this cause to the trial court.

## FACTUAL AND PROCEDURAL BACKGROUND

Appellee filed suit against appellants on August 17, 1994, alleging various causes of action arising out of a real estate transaction. Appellants individually filed answers and counterclaims. The case was set for trial on September 9, 1996. Appellants concede they had notice of the September 9 setting; however, appellants and their counsel failed to appear in the trial court for the hearing. Appellants' trial counsel indicated in an affidavit that the failure to appear at the September 9 hearing was based upon his reliance on rule 1.18 of the Dallas Civil District Court Local Rules. Rule 1.18 provides as follows:

> The court clerk shall notify counsel in not more than four cases to be present and ready for trial at a specified hour on the following Monday. During the following week, the clerk shall notify counsel when to be present for trial, but no more than three cases shall be called for trial at any time after Monday morning.

DALLAS (TEX.) CIV. DIST. CT. LOC. R. 1.18. Appellants' trial counsel contended he did not receive the notice prescribed by rule 1.18 from the trial court, and thus counsel believed appellants were not required to appear in the trial court on September 9.

The case was called for trial on September 9. The judge's docket form indicates the trial judge noted appellants had not appeared in court that day and the case was "ripe for default." The trial court reset the trial for September 13, 1996. Neither appellants nor their counsel received notice of the resetting, and, consequently, appellants did not appear at the September 13 setting.

At the September 13 setting, appellee presented evidence on his causes of action and his damages. The trial judge signed the default judgment in favor of appellee and against appellants on the same day. Each appellant individually filed a motion to set aside the default judgment which included an affidavit from trial counsel indicating he did not have notice of the September 13 setting. Appellants also filed affidavits contending they did not have notice of the September 13

setting. The trial court entered findings of fact and conclusions of law on October 21, 1996. On November 8, 1996, the trial court denied appellants' respective motions to set aside the default judgment and rendered a "Reformed, Corrected and Modified Post-Answer Default Judgment" in favor of appellee and against appellants. Appellants filed a motion to vacate the modified default judgment and a motion for new trial.[1] Appellants timely perfected their appeal from the modified default judgment.

## POST-ANSWER DEFAULT JUDGMENT

In their second point of error, appellants contend they are entitled to a new trial because they did not have notice of the September 13, 1996 trial setting at which the default judgment was entered.

### Standard of Review

We review the trial court's ruling on a motion for new trial under an abuse of discretion standard. *See Director v. Evans*, 889 S.W.2d 266, 268 (Tex. 1994); *Mosser v. Plano Three Venture*, 893 S.W.2d 8, 10 (Tex. App.–Dallas 1994, no writ); *see also Osborn v. Osborn*, 961 S.W.2d 408, 410 (Tex. App.–Houston [1st Dist.] 1997, pet. denied). "To set aside a post-answer default on grounds of lack of notice, the defendant must show his failure to attend trial was not intentional or the result of his conscious indifference, but was due to accident or mistake." *Osborn*, 961 S.W.2d at 410. In other words, the defendant is required to prove his failure to appear at trial "was due to his failure to receive actual or constructive notice of the trial setting." *See id.* (citing *Lopez v. Lopez*, 757 S.W.2d 721, 723 (Tex. 1988)). If the defendant satisfies this requirement, then the trial court

---

[1] The record indicates the trial court set a hearing on the motion to vacate the modified default judgment and the motion for new trial. However, the record does not contain any evidence regarding this hearing or the trial court's ruling on the motions. Appellee's brief states the motion to vacate the modified default judgment and the motion for new trial were denied by the trial court.

abuses its discretion by denying the defendant's motion for new trial. *See id.* at 410-11 (citing *Green v. McAdams*, 857 S.W.2d 816, 818 (Tex. App.–Houston [1st Dist.] 1993, no writ)).

## Notice Requirements

Once a defendant has made an appearance in a cause, he is entitled to notice of the trial setting as a matter of due process under the Fourteenth Amendment to the federal constitution. *See LBL Oil Co. v. International Power Servs., Inc.* 777 S.W.2d 390, 390-91 (Tex. 1989) (citing *Peralta v. Heights Med. Ctr., Inc.*, 485 U.S. 80, 86 (1988)). "A fundamental element of due process is adequate and reasonable notice of proceedings." *Green*, 857 S.W.2d at 819.

Rule 245 of the Texas Rules of Civil Procedure allows the trial court to reset contested cases[2] for trial "to a later date on any reasonable notice to the parties or by agreement of the parties." TEX. R. CIV. P. 245; *see Osborn*, 961 S.W.2d at 411; *Green*, 857 S.W.2d at 819. The notice requirements of rule 245 are satisfied by serving the party himself, his agent, or his attorney under the provisions of rule 21a of the Texas Rules of Civil Procedure. *See* TEX. R. CIV. P. 21a; *Osborn*, 961 S.W.2d at 411; *Green*, 857 S.W.2d at 819. As stated by the First District Court of Appeals in *Green*:

> Failure to comply with the rules of notice in a contested case deprives a party of his constitutional right to be present at the hearing, to voice his objections in an appropriate manner, and results in a violation of fundamental due process.

*Green*, 857 S.W.2d at 819.

In *Lopez v. Lopez*, 757 S.W.2d 721, 723 (Tex. 1988), the Texas Supreme Court concluded a defendant who had no actual or constructive notice of a trial setting is not required to establish a meritorious defense under *Craddock v. Sunshine Bus Lines, Inc.*, 134 Tex. 388, 133 S.W.2d 124, 126 (1939) in order to obtain a new trial following the rendering of a post-answer default judgment.

---

[2] In a post-answer default judgment situation, the defendant's answer places the merits of the plaintiff's cause of action at issue. *See Green*, 857 S.W.2d at 818. Therefore, as in *Green*, the instant case is "contested" even though a default judgment was rendered.

*See Lopez*, 757 S.W.2d at 723; *see also Mosser*, 893 S.W.2d at 12 (citing *Peralta*, 485 U.S. at 86).

Appellee does not dispute the fact appellants did not have actual notice of the September 13 setting. However, appellee argues appellants had constructive notice of the September 13 setting because it resulted from the September 9 setting of which appellants did have notice. However, the *Green* court expressly rejected this "constructive notice" argument because there was no evidence in the record indicating appellants had notice of the subsequent hearing. *See Green*, 857 S.W.2d at 819. The instant case contains an almost identical procedural background as *Green*, and we are persuaded by the holding of the First District Court of Appeals. Accordingly, we reject the constructive notice argument provided by appellee.

In response to appellants' second point of error, appellee contends the default judgment was actually rendered at the September 9 setting, and the September 13 setting was not a trial setting but merely a hearing to prove up damages. Appellee thus argues appellants were not denied due process because notice of the September 13 "hearing" was not required. We disagree. The record indicates the case was disposed of on the merits on September 13. The default judgment was not rendered until September 13. In addition, appellee's brief characterizes the September 13 setting as a "prove-up which was a continuation from the September 9, 1996 request for a default." Because appellee merely "requested" the trial court to render a default judgment in his favor, and the request was not disposed of by the trial court until September 13, appellee's argument lacks merit. Therefore, appellants were entitled to notice of the September 13 setting as a matter of due process. *See LBL Oil Co.*, 777 S.W.2d at 390-91; *Green*, 857 S.W.2d at 819.

## Conclusion

Because the record establishes appellants had neither actual nor constructive notice of the September 13, 1996 setting at which the default judgment was rendered against them, we conclude appellants need not satisfy the requirements of the *Craddock* test in order to establish their entitlement to a new trial. *See Mosser*, 893 S.W.2d at 13. We conclude the trial court abused its discretion in overruling appellants' motion for new trial. Therefore, we sustain appellants' second point of error. Because of our disposition of appellants' second point of error, it is unnecessary to address appellants' remaining points of error and appellee's responses. *See* TEX. R. APP. P. 47.1.

Accordingly, we reverse the trial court's judgment and remand the cause to the trial court.

TOM JAMES
JUSTICE

Do Not Publish
TEX. R. APP. P. 47
970122F.U05