# NO. 12-17-00125-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *ROGER TARRANT, DENISE TARRANT, JUSTIN TARRANT, AND THE D.A. TARRANT IRREVOCABLE TRUST,* | § | *APPEAL FROM THE 3RD* |
| *APPELLANTS* | § | *JUDICIAL DISTRICT COURT* |
| *V.* | | |
| *DANIEL R. SCARBROUGH, APPELLEE* | § | *ANDERSON COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Roger Tarrant, Denise Tarrant, Justin Tarrant, and the D.A. Tarrant Irrevocable Trust (collectively the Tarrants) appeal a default judgment entered against them in favor of Daniel R. Scarbrough in his suit for fraudulent transfer of property. In three issues, the Tarrants contend that the trial court erred in denying their motion for new trial, failing to give them due process of law, and rendering the judgment without legally and factually sufficient evidence. We affirm.

## BACKGROUND

Daniel R. Scarbrough represented Joshua Tarrant, son of Roger and Denise, in a capital murder trial. When Scarbrough was not paid for his legal services, he sued them for his attorney's fees, expenses, and costs. On October 28, 2014, a jury found Roger and Denise liable and awarded Scarbrough $115,607.01. On November 21, Roger and Denise transferred their nonexempt real property to another son, Justin. On November 24, 2014, the trial court rendered judgment against Roger and Denise for $115,607.01.

When Roger and Denise failed to pay Scarbrough's judgment, he discovered there was no nonexempt property to be executed upon. He then filed suit against the Tarrants under the Texas

Uniform Fraudulent Transfer Act (TUFTA) alleging the November 21 deed was a fraudulent conveyance. *See* Tex. Bus. & Com. Code Ann. § 24.001 - .013 (West 2009 & Supp. 2017). The Tarrants filed a general denial. When responding to Scarbrough's interrogatories, the Tarrants indicated they had no nonexempt assets. On November 7, 2016, the district clerk for Anderson County sent the following notice of hearing to Jim Echols, attorney of record for the Tarrants, with a copy to Jeff Coe, attorney of record for Scarbrough:

**ANDERSON COUNTY DISTRICT COURT**
500 N. Church Street, Palestine, TX 75801
JUDGE Mark Calhoon

**NOTICE OF SETTING**

**JIM ECHOLS**
**202 W ERWIN SUITE 200**
**TYLER TX 75702**

**IN RE: CAUSE NO: DCCV16-017-3**                     **DATE: November 07, 2016**

    **DANIEL SCARBROUGH**
    **vs.**
    **ROGER TARRANT, DENISE TARRANT, JUSTIN TARRANT, D.A. TARRANT**
    **IRREVOCABLE TRUST**

**TAKE NOTICE that the above style and numbered cause has been set for FINAL on the 6th day of January, 2017 at 11:00 AM, IN THE ANDERSON COUNTY COURTHOUSE, PALESTINE, TEXAS.**

                            **Janice Staples**
                            **District Clerk, Anderson County**

                            **By: /s/ Becky Brewster, Deputy**

**CC: Jeffrey Coe**

When the trial court called the matter at 11:00 a.m. on January 6, 2017, neither Echols nor Coe was present. The trial court reset the matter for later in the day at 1:30 p.m. At that time, the trial court called the matter again and the following record was made:

THE COURT: All right. This is, for the record, DCCV16-017-3. It's Scarbrough verses Tarrant. The case was set at 11 o'clock. At 11 o'clock I called the case, no one – the Defendant did not appear, and Mr. Scarbrough was here and announced that his attorney Mr. Coe, who is now on the phone, is unavailable because he was stuck in another county in court. So, there was an offer to have a telephonic conference at that time to prove it up, and because the Defendant didn't appear, I announced that we would hear it at 1:30 and it's past 1:30 now, but for purposes of that hearing, Mr. Coe, are you ready?

2

MR. COE: I am ready, Judge.

THE COURT: You may go right ahead.

MR. COE: Thank you, Judge, And I would ask the Court to take judicial notice of the contents of the file that reflects that a notice was sent on or about November 7th, 2016 for the final trial of today's date at 11 o'clock.

THE COURT: Yes, sir.

Scarbrough then testified. First, a copy of his judgment against the Tarrants and the deed transferring the nonexempt real property of Roger and Denise to Justin were admitted into evidence. Scarbrough then testified that the jury verdict against Roger and Denise had been entered on October 28, 2014. The deed in evidence was dated November 21, 2014. The judgment in evidence showed that it was rendered by the court on November 24, 2014. Scarbrough then testified that Roger and Denise filed responses to his interrogatories in aid of collection of his judgment indicating they do not have any nonexempt assets.

Coe then gave testimony to support his request for attorney's fees. Part of his testimony in support of attorney's fees referred to his "efforts and conversations with Mr. Echols." The trial court then rendered a default judgment dated January 24, 2017, against the Tarrants based on their violation of TUFTA. It enjoined the Tarrants from transferring the real property described in the November 21, 2014 deed and authorized Scarbrough to levy execution against the real property described in the deed. Further, the court awarded Scarbrough $3,000.00 in attorney's fees against the Tarrants as well as costs of court.

On February 10, 2017, Echols filed a motion for a new trial on behalf of the Tarrants to set aside the default judgment. There was no affidavit filed with the motion for new trial. The motion for new trial was denied by operation of law. This appeal followed.

## MOTION FOR NEW TRIAL

In their third issue, the Tarrants contend that the trial court abused its discretion in failing to grant their motion for new trial. Scarbrough responds that it was not an abuse of discretion for the motion for new trial to be denied by operation of law because the Tarrants did not file affidavits or other evidence with the motion for new trial to rebut the presumption they had received notice. We agree with Scarbrough.

3

Denial of a motion for new trial is reviewed for an abuse of discretion. ***Waffle House, Inc. v. Williams***, 313 S.W.3d 796, 813 (Tex. 2010). The mailing of a document by a court clerk creates a rebuttable presumption that it was received. *See **Platt v. Platt***, 991 S.W.2d 481, 484 (Tex. App.—Tyler 1999, no pet.). To rebut this presumption, the Tarrants had the burden to affirmatively show a lack of notice by affidavit or other competent evidence. ***Id***. This burden may not be discharged by mere allegations, unsupported by affidavits or other competent evidence, that the appellant did not receive proper notice. ***Campsey v. Campsey***, 111 S.W.3d 767, 772 (Tex. App.—Fort Worth 2003, no pet.). In the absence of evidence to the contrary, the presumption that notice was received has the force of a rule of law. ***Cliff v. Huggins***, 724 S.W.2d 778, 780 (Tex. 1987).

Here, the district clerk's notice of the January 6 hearing was mailed on November 7, 2016 to Echols, in his capacity as the attorney of record for the Tarrants. *See* TEX. R. CIV. P. 8. When an attorney contends he did not receive notice of a proceeding, he has the opportunity to introduce affidavits, depositions, testimony or exhibits to explain what happened. *See **Fid. & Guar. Ins. Co. v. Drewery Constr. Co.***, 186 S.W.3d 571, 574 (Tex. 2006) (per curiam). When the answer to the critical question "Why did the defendant not appear?" is "I didn't get the suit papers," the default generally must be set aside. *See **id***. However, an exception to this rule is when nonreceipt is uncorroborated. ***Id***. Here, the Tarrants failed to corroborate their lack of notice of the January 6 hearing when they filed their motion for new trial. It was not an abuse of discretion for the trial court to allow the Tarrants' motion for new trial to be denied by operation of law. *See **Cliff***, 724 S.W.2d at 780. We overrule the Tarrants' third issue.

## DUE PROCESS OF LAW

In their second issue, the Tarrants contend that, because they did not receive notice that their trial was reset from 11:00 a.m. to 1:30 p.m. on January 6, they did not receive due process of law as required by Texas Rule of Civil Procedure 245. They contend that Echols should have been notified that Coe was being allowed to appear by telephone at 1:30 for the trial, and that the same courtesy would be extended to him.

We begin this analysis by looking at the plain language of Rule 245, which states in relevant part:

> The Court may set contested cases on written request of any party, or on the court's own motion, with reasonable notice of not less that forty-five days to the parties of a first setting for

trial, or by agreement of the parties; provided, however, that when a case previously has been set for trial, the Court may reset said contested case to a later date on any reasonable notice to the parties or by agreement of the parties. . . .

TEX. R. CIV. P. 245.   It is clear to this court that this rule contemplates a resetting to a different date other than a resetting to a later time on the same day the case was originally set for.   The plain language of the rule implies that if the court resets a trial on the same date that it was originally set for, no further notice is required.   Scarbrough, in his brief, states that "the court had numerous other matters set that day and requested the parties come back at 1:30 p.m."   This is common practice in Texas trial courts when there are numerous cases being decided on the same day.

The Tarrants cite three cases to support their contention that they did not receive due process of law as a matter of Texas procedure and under the Fourteenth Amendment of the United States Constitution.   In *LBL Oil Co*., the record established that no actual or constructive notice of the hearing had been served on the defendant, making default judgment improper.   *LBL Oil Co. v. Int'l Power Servs., Inc*., 777 S.W.2d 390, 391 (Tex. 1989) (per curiam).   Likewise, in *In re $475,001.16*, the record did not indicate that the defendant had received notice of the default judgment hearing and it was error to render a default judgment.   *In re $475,001.16*, 96 S.W.2d 625, 627-28 (Tex. App.—Houston [1st Dist.] 2002, no pet.).   In *Green*, the trial had been set for September 9, 1991.   On that day, the trial court reset the trial to September 12, 1991.   Counsel was entitled to reasonable notice of that resetting.   *See Green v. McAdams*, 857 S.W.2d 816, 819 (Tex. App.—Houston [1st Dist.] 1993, no writ).   The default judgment was set aside because counsel had not received a notice of the resetting.   *Id*.   Accordingly, these three cases do not support the Tarrants' position.   In the case before us, the matter was merely moved from 11:00 a.m. to 1:30 p.m. on the same day, January 6.   Under Rule 245, the Tarrants were not entitled to a notice of the new time on the same date of the original setting for trial.

The Tarrants further contend that Coe and Scarbrough were required by the Texas Lawyers Creed to provide Echols with the notice of the resetting.   The relevant section at issue here states "I will not take advantage, by causing any default or dismissal to be rendered, when I know the identity of an opposing counsel, without first inquiring about that counsel's intention to proceed."   TEX. LAWYER'S CREED – A MANDATE FOR PROFESSIONALISM, III (11).

5

The Lawyers Creed is aspirational. *PNS Stores, Inc. v. Rivera*, 379 S.W.3d 267, 276 (Tex. 2012). It does not create new duties and obligations enforceable by the courts beyond those existing as a result of (1) courts' inherent powers and (2) the rules already in existence. *Id*. at 276-77. The failure to notify opposing counsel of an intent to take a default judgment does not trigger the courts' inherent powers. *Id*. at 277. Our Texas Supreme Court went on to say that "[a] lawyer's failure to adhere to the Texas Lawyer's Creed may be evidence of a lack of professionalism or character." *Id*. It determined that failure to adhere to the spirit and letter of this aspirational standard was not grounds under these circumstances to reverse a default judgment. *Id*.

When the lawyers opposing them failed as professionals under the Texas Lawyer's Creed, the Tarrants still had a remedy for the default judgment that had been taken against them. The law in Texas provided them a process to have the slate wiped clean with a new trial. *See Fid. & Guar. Ins. Co*., 186 S.W.3d at 573-74. By failing to corroborate their motion for new trial, they did not take advantage of that opportunity. *Id*. at 574. We hold that the Tarrants were not denied due process of law when their motion for new trial was denied by operation of law. We overrule the Tarrants' second issue.

## LEGAL AND FACTUAL SUFFICIENCY

In their first issue, the Tarrants assert that the evidence is legally and factually insufficient to prove that the November 21 deed was a fraudulent conveyance pursuant to TUFTA. They contend there was no showing of an actual intent to hinder collection of Scarbrough's judgment or the absence of a reasonably equivalent value in exchange.

The Tarrants, as the parties challenging the legal sufficiency of the evidence on a matter for which they did not bear the burden of proof, had to demonstrate on appeal there was no evidence to support the trial court's adverse findings. *Croucher v. Croucher*, 660 S.W.2d 55, 58 (Tex. 1983). In conducting a legal sufficiency review, we credit favorable evidence if a reasonable fact finder could and disregard contrary evidence unless a reasonable fact finder could not. *Esse v. Empire Energy III, Ltd*., 333 S.W.3d 166, 177 (Tex. App.—Houston [1st Dist.] 2010, pet. denied). We must sustain a no evidence contention only if: (1) the record reveals a complete absence of evidence of a vital fact; (2) the court is barred by rules of law or evidence from giving weight to the only evidence offered to prove a vital fact; (3) the evidence

6

offered to prove a vital fact is no more than a mere scintilla; or (4) the evidence establishes conclusively the opposite of the vital fact. *Id*.

To evaluate the Tarrants' factual sufficiency challenge, we must consider and weigh all of the evidence. *Mar. Overseas Corp. v. Ellis*, 971 S.W.2d 402, 406-07 (Tex. 1998). When a party challenges the factual sufficiency of the evidence supporting a finding for which he did not have the burden of proof, the judgment can be set aside only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. *Id*. at 407. The trial court acts as fact-finder in a bench trial and is the sole judge of the credibility of the witnesses. *Esse*, 333 S.W.3d at 177.

A transfer made by a debtor is fraudulent as to a creditor if the debtor made the transfer with actual intent to hinder, delay, or defraud any creditor of the debtor. TEX. BUS. & COM. CODE ANN. § 24.005(a)(1). TUFTA's purpose is to prevent debtors from prejudicing creditors by improperly moving assets beyond their reach. *Janvey v. Golf Channel, Inc.*, 487 S.W.3d 560, 566 (Tex. 2016). Thus, under TUFTA, an asset transferred with "actual intent to hinder, delay, or defraud" a creditor may be reclaimed for the benefit of the transferor's creditors. *Id*. at 562. Intent to defraud is ordinarily a fact question. *Id*. at 567. Circumstantial proof may be used to prove fraudulent intent because direct proof is often unavailable. *Qui Phuoc Ho v. MacArthur Ranch, LLC*, 395 S.W.3d 325, 328 (Tex. App.−Dallas 2013, pet. denied). Facts and circumstances that may be considered in determining fraudulent intent include a nonexclusive list of "badges of fraud" prescribed by the legislature in section 24.005(b) of TUFTA. *Id*. In determining actual intent under subsection (a)(1) of this section, consideration may be given, among other factors, to whether:

> 1) the transfer or obligation was to an insider;
> . . . .
> 4) before the transfer was made or obligation was incurred, the debtor had been sued or threatened with suit;
> 5) the transfer was of substantially all of the debtor's assets.

TEX. BUS. & COM. CODE ANN. 24.005(b)(1), (4), (5). The presence of several of these factors is sufficient to support a fact finder's reasonable inference of fraudulent intent. *Qui Phuoc Ho*, 395 S.W.3d at 329.

7

The record shows that, on October 28, 2014, a jury determined that the Tarrants owed Scarbrough $115,607.01. Three weeks later, and just three days before a judgment was rendered on the jury's award, the Tarrants transferred real property to one of their sons. Thus, the testimony of Scarbrough along with the November 21 deed and November 24 judgment established factors one and four. Further, Scarbrough's testimony, based on the Tarrants' answers to interrogatories in aid of judgment indicating they do not have any assets, established factor five. The combination of several of the statute's "badges of fraud" presents a strong case of fraud. *See Janvey*, 487 S.W.3d at 566-67. This conclusive evidence establishing three factors under subsection 24.005(b), which was not rebutted or contradicted, shows the statute's requisite intent. Accordingly, the evidence was legally and factually sufficient to prove that the Tarrants' transfer of real property to their son was a fraudulent conveyance in violation of TUFTA. *See Qui Phuoc Ho*, 395 S.W.3d at 331. We overrule the Tarrants' first issue.

## DISPOSITION

Having overruled the Tarrants' three issues, we ***affirm*** the judgment of the trial court.

JAMES T. WORTHEN
Chief Justice

Opinion delivered December 13, 2017.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(PUBLISH)

8



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**DECEMBER 13, 2017**

**NO. 12-17-00125-CV**

**ROGER TARRANT, DENISE TARRANT, JUSTIN TARRANT AND THE D.A. TARRANT IRREVOCABLE TRUST,**
Appellants
V.
**DANIEL SCARBROUGH,**
Appellee

Appeal from the 3rd District Court

of Anderson County, Texas (Tr.Ct.No. DCCV16-0173-3)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that all costs of this appeal are hereby adjudged against the appellants, **ROGER TARRANT, DENISE TARRANT, JUSTIN TARRANT, AND THE D.A. TARRANT IRREVOCABLE TRUST,** for which execution may issue, and that this decision be certified to the court below for observance.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*