**Affirmed and Memorandum Opinion filed October 22, 2020.**



**In the**

**Fourteenth Court of Appeals**

**NO. 14-18-00933-CV**

**ABRHIM ENSHIKAR, Appellant**

**v.**

**AHMAD ZAID AND MAZEN JUMAA, Appellees**

**On Appeal from the 281st District Court**
**Harris County, Texas**
**Trial Court Cause No. 2016-04438**

**MEMORANDUM OPINION**

Appellant Abrhim Enshikar filed suit against appellees Ahmad Zaid and Mazen Jumaa in an effort to collect on an underlying judgment against Advance Tire and Wheels, LLC. After a bench trial, the trial court issued a final take-nothing judgment in favor of Zaid and Jumaa. On appeal, Enshikar brings 14 issues challenging the trial court's findings of fact and conclusions of law supporting the judgment. We affirm.

# I.    BACKGROUND

Zaid and Abu Alhalawh Jawad formed Advance Tire and Wheels, LLC ("Advance Tire") in December 2010 as a Texas limited liability company. Advance Tire was in the business of selling and repairing tires and wheels. Enshikar began working for Advance Tire in March 2011. He suffered an injury on the job in January 2012.

In February 2012, Zaid and Jumaa signed a bill of sale of equipment. Zaid sold Jumaa "2 tire changers, 1 tire balancer and entire tire inventory (750 tires in total)" for $8,500.

In March 2012, Enshikar filed suit against Advance Tire for negligence. Advance Tire was the only defendant. The return of citation in the negligence suit is dated March 22, 2012. The next day, Zaid filed a certificate of termination of a domestic entity for Advance Tire. In October 2015, after a bench trial in the negligence suit, the trial court signed a final judgment in favor of Enshikar for $512,135.44 plus post-judgment interest at five percent (the "2015 judgment"). Enshikar was unable to collect the underlying judgment.

In January 2016, Enshikar filed suit against Zaid, Jawad, and Jumaa. Enshikar alleged that the defendants operated Advance Tire as a partnership and were vicariously liable for its debts. In the alternative, Enshikar alleged that Zaid operated Advance Tire as a sole proprietorship and was individually liable for its debts. Enshikar also alleged that the 2012 conveyance to Jumaa was fraudulent under the Uniform Fraudulent Transfer Act (UFTA). *See* Tex. Bus. & Com. Code Ann. §§ 24.005(a)(1), .006(a). Finally, Enshikar alleged that the defendants conspired to commit fraud.

Jawad was not served and did not appear. In June 2018, the trial court held a

bench trial. Zaid and Jumaa moved the trial court to strike any testimony by Enshikar as an expert because he was not qualified to opine on the fair market value of Advance Tire's assets. The trial court took the motion under advisement and deferred its ruling. Zaid, Jumaa, and Enshikar testified, and the trial concluded.

On July 26, 2018, the trial court signed its final judgment. The trial court granted Zaid's and Jumaa's motion to exclude and disregarded Enshikar's testimony regarding valuation of assets. The trial court rendered a take-nothing judgment in favor of Zaid and Jumaa on all Enshikar's claims. In September 2018, the trial court signed its findings of facts and conclusions of law. Enshikar timely appealed.

## II.    ANALYSIS

Enshikar's issues can be grouped into three categories: (1) partnership and sole proprietorship theories of liability, (2) UFTA, and (3) conspiracy.

## A.    Partnership and sole proprietorship

In issues 1 to 5, 13, and 14,[1] Enshikar makes various arguments that Zaid and

---

[1] Enshikar summarizes issues 1 to 5, 13, and 14 as follows:

1. **Appellant's Issue One**– Did the Trial Court err in concluding that "Advance Tire (sic) was not dissolved prior to Plaintiff's injury on January 23, 2012"? (COL No. 17) (CR 741).

2. **Appellant's Issue Two** – Did the Trial Court err in finding that Advance Tire & Wheels was not a partnership? (COL 18) (CR 741).

3. **Appellant's Issue Three** – Did the Trial Court err in not finding Zaid and Jumaa liable in their capacity as partners? (COL 20 and 21) (CR 741).

4. **Appellant's Issue Four** – Did the Court err in in failing to find that Advance Tire & Wheels was a sole proprietorship?

5. **Appellant's Issue Five** - Did the Court Err in not holding Zaid liable as a sole proprietor? (COL 21).

13. **Appellant's Issue Thirteen** -- Did the Court Err in its COL No. 19 (CR 741) that "The time period to bring claims against the (sic) Zaid and Jumaa individually has expired"?

14. **Appellant's Issue Fourteen**—Did the Trial Court Err in Concluding that

Jumaa are individually or vicariously liable for the 2015 judgment because at the time of Enshikar's workplace accident Advance Tire was no longer an LLC but had transformed into a different entity, either a partnership run by Zaid and Jumaa or a sole proprietorship run by Jumaa. Each of Enshikar's issues is premised on his contention that Advance Tire had ceased its existence as an LLC at the time of his injury and no longer shielded Zaid and Jumaa personally from liability. We begin with an analysis of Advance Tire's status as an LLC at the time of Enshikar's accident.

Under the Business Organizations Code, a filing entity such as an LLC does not cease existing until, after required windup of the entity is complete, the entity files a certificate of termination. Tex. Bus. Orgs. Code Ann. §§ 11.101, .102; *see id.* § 1.002(22) (LLC is filing entity); *In re ReadyOne Indus., Inc.*, 294 S.W.3d 764, 771 (Tex. App.—El Paso 2009, no pet.) ("Most importantly, after the windup is complete, the entity must file a certificate of termination. So, the corporate entity does not cease to exist until the termination is filed.") (citations omitted). This requirement may not be waived. *See* Tex. Bus. Orgs. Code Ann. § 101.054(a)(6).

Enshikar does not contest that Advance Tire was formed as an LLC and does not challenge the trial court's findings of fact that his accident occurred on January 23, 2012 and that Advance Tire filed a certificate of termination on March 23, 2012. Because the certificate of termination was filed two months after the accident, on the date of the accident Advance Tire existed as an LLC, not a partnership or sole proprietorship[2] that might allow for personal liability of Zaid or Jumaa. *See* Tex.

---

"Jumaa has no individual liability to satisfy the judgment against Advance Tire" (COL No. 20) (CR 741) and "Zaid has no individual liability to satisfy the judgment against Advance Tire"? (COL No. 21) (CR 741).

[2] Enshikar argues that, although he requested additional findings of fact on his sole-proprietorship theory, the trial court did not provide them, thereby harming him. When additional findings of fact are requested but not filed, it "is presumed harmful, unless 'the record

4

Bus. Orgs. Code Ann. § 11.102; *In re ReadyOne Indus.*, 294 S.W.3d at 771.

We overrule Enshikar's issues 1 to 5, 13, and 14[3] concerning Zaid's and Jumaa's liability for the 2015 judgment on the grounds that Advance Tire was no longer an LLC at the time of the accident.[4] Tex. R. App. P. 47.1.

## B.  UFTA

We next consider Enshikar's UFTA arguments in issues 7 to 12.[5] Enshikar

---

before [the] appellate court affirmatively shows that the complaining party has suffered no injury.'" *Cherne Indus., Inc. v. Magallanes*, 763 S.W.2d 768, 772 (Tex. 1989) (quoting *Wagner v. Riske*, 178 S.W.2d 117, 120 (Tex. 1944)). Given that Enshikar's sole-proprietorship arguments hinged on his LLC argument, which we reject, we conclude Enshikar has suffered no injury. *See id.*; *Elliott v. Kraft Foods N. Am., Inc.*, 118 S.W.3d 50, 55 (Tex. App.—Houston [14th Dist.] 2003, no pet.) (lack of findings harmless when appellant was able "to properly present the issues on appeal").

[3] *See* note 1, *supra*.

[4] Enshikar also raises various arguments positing that the LLC terminated before the filing of the certificate of termination due to violations of the company agreement and untimely winding up of the business. We conclude the cited non-waivable provisions from the Business Organizations Code dictating when an LLC terminates its existence controls over Enshikar's theories as to why we should consider the entity to have terminated earlier. Enshikar also argues that Business Organizations Code section 11.051(3) compels a different result. *See* Tex. Bus. Orgs. Code Ann. § 11.051(3). This section, however, concerns when winding up of an entity is triggered, and does not dictate when the entity terminates its existence. *See id.*

Even if we were to agree with Enshikar, it is unclear how it would help him collect the judgment. In his negligence lawsuit, he sued Advance Tire and served its corporate representative. He did not bring suit against a partnership or sole proprietorship doing business as "Advance Tire and Wheels, LLC," nor did he sue Zaid or Jumaa individually or as a partner or sole proprietor. It is difficult to determine how Enshikar would collect the judgment from Zaid or Jumaa on the basis of individual or vicarious liability when neither they nor the entities they purportedly operated were sued in the negligence action.

[5] Enshikar summarizes issues 7 to 12 as follows:

7. **Appellant's Issue Seven** – Did the Trial Court Err in applying § 24.009 of the Texas Uniform Fraudulent Transfers Act (TUFTA)? (COL 2-4) (CR 739).

8. **Appellant's Issue Eight** - Did the Court err in Concluding that there is no legal support for awarding Plaintiff a judgment equal to the recovery in the underlying lawsuit? (COL 5 and 6) (CR 740).

9. **Appellant's Issue Nine** - Did the Trial Court err in concluding that Plaintiff failed to meet his burden of proof for a remedy under § 24.008 (a) (3) of the Texas

claims the transfer of Advance Tire inventory and assets to Jumaa for $8,500 in February 2012 was fraudulent under UFTA sections 24.005 and 24.006, both of which concern when a "transfer made or obligation incurred by a debtor is fraudulent as to a creditor." Tex. Bus. & Com. Code Ann. §§ 24.005, .006.

## 1.    Section 24.006(a)

We begin with UFTA section 24.006(a), which provides in relevant part that a transfer is fraudulent "if the debtor made the transfer or incurred the obligation without receiving a reasonably equivalent value in exchange." Tex. Bus. & Com. Code Ann. § 24.006(a). "Reasonably equivalent value" as defined in UFTA "includes without limitation, a transfer or obligation that is within the range of values for which the transferor would have sold the assets in an arm's length transaction." *Id.* § 24.004(d).

At trial, Jumaa testified that, based on his knowledge and experience, the $8,500 he paid for the assets involved in the 2012 transfer constituted reasonably equivalent value. Enshikar attempted to rebut this testimony with his own expert testimony regarding the value of the assets, which the trial court excluded. Enshikar

---

Uniform Fraudulent Transfers Act (TUFTA)? (COL No. 13) (CR 740).

10. **Appellant's Issue Ten** – Did the Trial Court err by granting Defendants' motion to strike testimony of Plaintiff/Appellant Enshikar regarding the valuation of the assets that were transferred (Findings of Fact No. 28) (CR 739) and in concluding that "Enshikar offered no reliable testimony regarding the value of Advance Tire's assets at the time of the transfer" (COL No. 4) (CR 739) and finding the testimony of Enshikar to not be persuasive or legally sufficient? (FOF No. 28) (CR 739).

11. **Appellant's Issue Eleven** – Did the Trial Court Err in Concluding that "Plaintiff failed to meet his burden of proof on his claim under § 24.006 (a) of the Texas Uniform Fraudulent Transfers Act (TUFTA) regarding reasonably equivalent value, as defined in TUFTA's § 24.004 (d)?" (COL No. 12) (CR 740).

12. **Appellant's Issue Twelve** – Did the Trial Court err in concluding that a remedy for a violation of § 24.005 (a) of the Texas Uniform Fraudulent Transfers Act (TUFTA) is not available in this case? (COL No. 9) (CR 740).

argues on appeal that the trial court abused its discretion in excluding his expert testimony. We disagree. Under Texas Rule of Evidence 702, "[a] witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue." Tex. R. Evid. 702. Here, although Enshikar had experience repairing and installing tires, he had little experience purchasing tires. The testimony he sought to offer concerned his estimation of the retail value of Advance Tire's inventory several weeks before the 2012 transfer, based in part on values stated in eBay listings for similar tires posted years later. We conclude the trial court did not abuse its discretion in excluding Enshikar's expert testimony on the basis that Enshikar was unqualified or the testimony he sought to admit was not helpful. *See id*.

While Enshikar argues that the record contains other evidence from which trial court could have inferred that the transfer was not for reasonably equivalent value, the trial court was not required to prioritize this evidence over Jumaa's testimony directly addressing the value of the assets actually transferred. We conclude the trial court did not err in concluding that Enshikar failed to meet his burden to show that the 2012 transfer of Advance Tire assets was not for reasonably equivalent value. As this is an element of recovery under UFTA section 24.006(a), the trial court did not err in rendering a take-nothing judgment on that claim. *See* Tex. Bus. & Com. Code Ann. §§ 24.004(d), .006(a).

### 2.    Section 24.005(a)(1)

Enshikar also seeks relief under UFTA section 24.005(a)(1), which allows recovery for a transfer made "with actual intent to hinder, delay, or defraud any creditor of the debtor." Tex. Bus. & Com. Code Ann. § 24.005(a)(1). The trial court

7

did not reach the issue of whether the 2012 transfer to Jumaa was made with intent to defraud. Instead, the trial court determined that Enshikar was not entitled to relief because the sole remedy Enshikar sought, the full amount of the 2015 judgment, was not available. We begin with an analysis of the remedial provisions of UFTA.

The first provision at issue is Business and Commerce Code section 24.008(a), which provides:

> (a) In an action for relief against a transfer or obligation under this chapter, a creditor, ***subject to the limitations in Section 24.009 of this code***, may obtain:
>
>> (1) ***avoidance of the transfer or obligation to the extent necessary to satisfy the creditor's claim***;
>>
>> (2) an attachment or other provisional remedy against the asset transferred or other property of the transferee in accordance with the applicable Texas Rules of Civil Procedure and the Civil Practice and Remedies Code relating to ancillary proceedings; or
>>
>> (3) subject to applicable principles of equity and in accordance with applicable rules of civil procedure:
>>
>>> (A) an injunction against further disposition by the debtor or a transferee, or both, of the asset transferred or of other property;
>>>
>>> (B) appointment of a receiver to take charge of the asset transferred or of other property of the transferee; or
>>>
>>> (C) ***any other relief the circumstances may require***.

Tex. Bus. & Com. Code Ann. § 24.008(a) (emphasis added). Enshikar seeks relief under section 24.008(a)(3)(C), which authorizes "any other relief the circumstances may require," arguing that this provision entitles him to an award of the full amount of the 2015 judgment upon successfully proving an UFTA violation.

Zaid and Jumaa respond that any monetary award Enshikar may recover under UFTA is limited by Business and Commerce Code section 24.009(b), which provides:

(b) Except as otherwise provided in this section, ***to the extent a transfer is voidable in an action by a creditor under Section 24.008(a)(1) of this code, the creditor may recover judgment for the value of the asset transferred, as adjusted under Subsection (c) of this section, or the amount necessary to satisfy the creditor's claim, whichever is less.*** The judgment may be entered against:

> (1) the first transferee of the asset or the person for whose benefit the transfer was made; or

> (2) any subsequent transferee other than a good faith transferee who took for value or from any subsequent transferee.

*Id.* § 24.009(b) (emphasis added). Zaid and Jumaa argue that section 24.009(b) limits Enshikar's recovery to the lesser of the value of the transfer or the amount of his claim. *See id.* Enshikar argues that the limitations in subsection 24.009(b) do not apply to his request for relief under section 24.008(a)(3)(C), which authorizes "any other relief the circumstances may require" without constraint. *See id.* § 24.008(a)(C)(3).

We disagree with the breadth of Enshikar's reading of the statute. Fundamentally, by his UFTA claims Enshikar seeks to avoid the transfer of Advance Tire assets to Jumaa on the basis that the transfer was fraudulent under UFTA. *See id.* §§ 24.005, .006. The statute provides the specific remedy for money damages stemming from the avoidance of a transfer, *i.e.*, the lesser of the value of the transfer or the amount of the claim. *Id.* § 24.009(b). While it is true that this remedy is discussed with regard to section 24.008(a)(1) (avoidance of transfer), and that Enshikar seeks relief under section 24.008(a)(3)(C) ("any other relief the circumstances may require"), we do not read the statute as allowing Enshikar to sidestep the clearly stated limitations on the recovery of damages for avoidance of a fraudulent transfer by artful pleading.[6] We conclude that any money damages

---

[6] *Cf. Baylor Univ. v. Sonnichsen*, 221 S.W.3d 632, 636 (Tex. 2007) ("The viability of [plaintiff's] fraud claim depends upon the nature of the damages he seeks to recover. This analysis

9

recoverable under section 24.008(a)(3)(C) are limited to the lesser of the value of the transfer or the amount of the claim; to hold otherwise would be to render those portions of the statute limiting recovery for avoidance of a fraudulent transfer a nullity. *See id.* §§ 24.008(a)(1), (a)(3)(C), .009(b).

Without directly addressing the issue faced here, both the supreme court and this court have reached similar conclusions. In *Chu v. Hong*, the supreme court explained that UFTA "provides for equitable remedies to rescind the fraudulent transfer, or a damage assessment limited to the amount of the property transferred." 249 S.W.3d 441, 446 (Tex. 2008) (citing Tex. Bus. & Com. Code Ann. §§ 24.008(a), .009(b), (c)) (footnotes omitted); *see also Wohlstein v. Aliezer*, 321 S.W.3d 765, 776 (Tex. App.—Houston [14th Dist.] 2010, no pet.) ("Chapter 24 authorizes both equitable relief—that is, nullification of a fraudulent transfer—and money damages up to the value of the property transferred.") (citing Tex. Bus. & Com. Code Ann. §§ 24.008, .009(b), (c), and *Chu*, 249 S.W.3d at 446). Likewise, one of our sister courts, analyzing the interplay between sections 24.008 and 24.009, concluded that, "[t]o assess damages under TUFTA, the trial court was required to compare two numbers," specifically, the "value of the underlying judgment" giving rise to the claim and the "the combined fair market value" of the property transferred, as required to determine the lesser of the two values under section 24.009(b). *Qui Phuoc Ho v. MacArthur Ranch, LLC*, 395 S.W.3d 325, 334 (Tex. App.—Dallas 2013, no pet.).[7]

is consistent with our holdings that focus the legal treatment of claims on the true nature of disputes rather than allow artful pleading to morph contract claims into fraud causes of action to gain favorable redress under the law.").

[7] *Cf. FDIC v. White*, No. 3:96-CV-0560-P, 1998 WL 120298, at *2 (N.D. Tex. Mar. 5, 1998) ("The FDIC relies heavily on the 'broad' language allowing 'any other relief the circumstances may require,' yet the Court notes that this provision, by the statute's own terms, is 'subject to applicable principles of equity.' Equity may require, and the statute may allow, the

Having determined that the limitations in section 24.009(b) apply, we turn to Enshikar's burden of proof under this section. Since he is limited to recovering the lesser of the value of the transfer and the amount of his claim, he must show proof of both amounts. *See id.* As above, the trial court properly excluded Enshikar's expert testimony that the value of the transfer was between $150,000 and $160,000. The sole remaining evidence of the value of the transfer appears to be Jumaa's

---

Court flexibility in fashioning remedies, but the Court does not construe this flexibility to include fashioning substantive rights of action with accompanying damages which are not otherwise implied or stated in the statute.") (citations omitted).

 Enshikar cites several cases purportedly reaching a different conclusion. In *Airflow Houston, Inc. v. Theriot*, the First Court of Appeals considered a prior version of UFTA that did not specifically provide for a money judgment at all, analysis which is of little value here as we consider the portions of the statute that do provide such a remedy. *See* 849 S.W.2d 928, 933–34 (Tex. App.—Houston [1st Dist.] 1993, no writ). While Enshikar notes that this court, in *Citizen's National Bank v. NXS Construction*, awarded attorney's fees (which Enshikar does not seek) in addition to the amount of a claim, with regard to the money damages awarded the court recognized the same procedure we conclude is required here: comparing the amount of the claim to the value of the transfer and awarding the lesser amount. *See* 387 S.W.3d 74, 88–91 (Tex. App.—Houston [14th Dist.] 2012, no pet.). Finally, *Sargeant v. Al Saleh* and *Arriaga v. Cartmill* both center on equitable relief, not money damages, and the analysis in those opinions does not aid us here. *See* *Sargeant*, 512 S.W.3d 399, 411 (Tex. App.—Corpus Christi 2016, no pet.); *Arriaga*, 407 S.W.3d 927, 931–32 (Tex. App.—Houston [14th Dist.] 2013, no pet.).

 We further note that our conclusion is consistent with the commentary to the most recent version of the uniform act, now titled the Uniform Voidable Transactions Act, which provides:

> The measure of the recovery of a creditor against a transferee is usually limited to the value of the asset transferred at the time of the transfer. *See, e.g.*, *United States v. Fernon*, 640 F.2d 609, 611 (5th Cir. 1981); *Hamilton Nat'l Bank of Boston v. Halstead*, 134 N.Y. 520, 31 N.E. 900 (1892); *cf. Buffum v. Peter Barceloux Co.*, 289 U.S. 227 (1932) (transferee's objection to trial court's award of highest value of asset between the date of the transfer and the date of the decree of avoidance rejected because an award measured by value as of time of the transfer plus interest from that date would have been larger).

UNIF. VOIDABLE TRANSACTIONS ACT § 8 cmt. 3 (UNIF. LAW COMM'N 2014); *see also* Code Construction Act, Tex. Gov't Code Ann. § 311.028 ("A uniform act included in a code shall be construed to effect its general purpose to make uniform the law of those states that enact it."); Tex. Bus & Com. Code Ann. § 24.012 ("This chapter shall be applied and construed to effectuate its general purpose to make uniform the law with respect to the subject of this chapter among states enacting it.").

testimony that the transfer was properly valued at $8,500, well below the amount of Enshikar's $512,135.44 claim for the 2015 judgment.

We conclude the trial court was correct to deny Enshikar the full amount of the 2015 judgment, as it was more than the value of the transfer. *See* Tex. Bus. & Com. Code Ann. § 24.009(b). Moreover, Enshikar does not argue that he is entitled to an award in the amount of the value of the transfer (approximately $8,500 on this record). Enshikar was clear in the trial court that he sought only damages in the amount of his claim, the 2015 judgment, under UFTA. Consistent with this "all-or-nothing" approach, Enshikar's lawyer did not dispute the trial court's statement, "I understand that what you want is the amount of the judgment that your client received in the underlying lawsuit." Likewise, when the trial court specifically asked Enshikar's lawyer whether he was "interested in any remedy under 24.009," allowing for the recovery of the lesser of the amount of the claim and the value of the transfer, Enshikar's lawyer responded, "No. There's no remedy there that would satisfy my client." As Enshikar asked the trial court to consider awarding only the amount of the 2015 judgment for his UFTA claim, we conclude the trial court did not err by rendering a take-nothing judgment on that claim upon determining that Enshikar was not entitled to the sole relief he sought. To hold otherwise would be akin to violating the invited error doctrine, which dictates that "a party cannot complain on appeal that the trial court took a specific action that the complaining party requested." *Tittizer v. Union Gas Corp.*, 171 S.W.3d 857, 862 (Tex. 2005).[8]

---

[8] We do not suggest that Enshikar takes a different position on appeal; rather, throughout this litigation, he has consistently sought the full amount of the 2015 judgment. Indeed, Enshikar's arguments to this effect on appeal provide a separate ground for denying him relief. Even if we were to determine that the trial court erred by entering a take-nothing judgment on Enshikar's claim under section 24.005(a)(1), on this record the remedy would be to remand for further proceedings, given that the trial court did not reach the issue of whether the transfer was made with fraudulent intent under UFTA. *See* Tex. Bus. & Com. Code Ann. § 24.005(a)(1); *see also Advanced Pers. Care, LLC v. Churchill*, 437 S.W.3d 41, 47 (Tex. App.—Houston [14th Dist.]

We conclude the trial court did not err in rendering a take-nothing judgment on Enshikar's UFTA claims. We overrule Enshikar's issues 7 to 12.[9] Tex. R. App. P. 47.1.

## C. Conspiracy

In issue 6, Enshikar argues that the trial court erred in denying relief on his conspiracy claim. A civil conspiracy is a combination by two or more persons to accomplish an unlawful purpose by unlawful means. *Operation Rescue–Nat'l v. Planned Parenthood of Hous. & Se. Tex., Inc.*, 975 S.W.2d 546, 553 (Tex. 1998). The elements of conspiracy are: (1) two or more persons; (2) an object to be accomplished; (3) a meeting of minds on the object or course of action; (4) one or more unlawful, overt acts; and (5) damages. *Id.* Because the defendant's liability depends on participation in some underlying tort for which the plaintiff seeks to hold the defendant liable, conspiracy is considered a derivative tort. *Tilton v. Marshall*, 925 S.W.2d 672, 681 (Tex. 1996). Therefore, to prevail on a civil-conspiracy claim, Enshikar must show that Zaid and Jumaa were liable for some underlying tort. *Baty*

---

2014, no pet.) (remanding instead of rendering when trial court did not "answer a factual question necessary to resolve the case under a correct interpretation"). Enshikar, however, not only seeks rendition of judgment in his favor, he further argues against remand. In his conclusion, Enshikar asserts that "remand is not necessary and nor do the interests of justice required another trial," and in his prayer he states that this court "has the power [to] reverse the entire judgment of the trial court and should render because remand is not necessary." While this court has the power to remand under rule of appellate procedure 43.3, an appellate court will not grant relief the appellant has stated he does not want. In *Stevens v. National Education Centers, Inc.*, the supreme court denied a petition for review because remand was the proper remedy and the petitioner "specifically requested that th[e] Court not remand for a new trial and prayed only for rendition." 11 S.W.3d 185, 186 (Tex. 2000) (per curiam). Courts have relied on *Stevens* to affirm cases that might otherwise warrant remand when the appellant "adopt[s] a 'rendition-or-bust' strategy." *Garza v. Cantu*, 431 S.W.3d 96, 109 (Tex. App.—Houston [14th Dist.] 2013, pet. denied); *see Molina v. Moore*, 33 S.W.3d 323, 326 (Tex. App.—Amarillo 2000, no pet.) ("[I]f an appealing party chooses to seek only reversal and rendition of judgment, then the appellate court will not reverse and remand the case.") (citing *Stevens*, 11 S.W.3d at 186).

[9] *See* note 5, *supra*.

13

*v. ProTech Ins. Agency*, 63 S.W.3d 841, 864 (Tex. App.—Houston [14th Dist.] 2001, pet. denied) (citing *Trammell Crow Co. No. 60 v. Harkinson*, 944 S.W.2d 631, 635 (Tex. 1997)). Based on our analysis above, Enshikar has not shown that the trial court's judgment as challenged on appeal was erroneous in determining that Zaid and Jumaa are not liable for any of the causes of action underlying Enshikar's conspiracy claim. Therefore, the trial court did not err in denying relief on the conspiracy claim itself. *See id.* We overrule Enshikar's issue 6.[10]

### III. CONCLUSION

We affirm the trial court's judgment as challenged on appeal.


/s/     Charles A. Spain
         Justice

Panel consists of Justices Zimmerer, Spain, and Hassan.

---

[10] Enshikar also argues that he was harmed because the trial court did not file additional requested findings of fact on his conspiracy claim. *See also* note 2, *supra*. As we were able to evaluate Enshikar's conspiracy claim without additional findings, we conclude Enshikar was able to properly present his appeal and has suffered no injury. *See Elliott*, 118 S.W.3d at 55.

14